Jesse Lavon ROCHELLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–86–00688–CR.

Court of Appeals of Texas, Dallas.

June 1, 1987.

Rehearing Denied Aug. 3, 1987.

Karen Chilton, Colorado Springs, Colo., for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before HOWELL, McCLUNG and McCRAW, JJ.

HOWELL, Justice.

Jesse Lavon Rochelle was convicted of the forgery of a check. His punishment, enhanced by two prior convictions, was assessed at eighty-five years. On appeal, he asserts that under the indictment as drawn, he is charged with the forgery of some item appearing on the face of the check and that the only evidence of forgery relates to an apparent endorsement on the reverse side of the check. Therefore, he urges the evidence to be insufficient. His second point argues that the indictment is fatally defective because of an irreconcilable variance between the purport clause and the tenor clause thereof. We agree and hence reverse the trial court's judgment.

The evidence reflects that on December 4, 1985, appellant sold a social security benefit check to an undercover officer of the Dallas Police Department. The instrument as placed in evidence showed upon its face that the payee was a third person, Lotis D. Harris, and the reverse side of the State's exhibit indicated an apparent endorsement by Harris. However, payee Harris testified that he never received the check and that the signature on the back of the check was not his. He also testified that he did not authorize anyone to endorse the check on his behalf.

■ Omitting the formal parts, the indictment before us charged that appellant [d]id then and there unlawfully, intentionally and knowingly with intent to defraud and harm another, pass to [an undercover officer] a forged writing knowing such writing to forged, and such *writing had been so made that it purported to be the act of Lotis D. Harris* who did not authorize the act, and said writing was a CHECK of the tenor following:

[the tenor clause consisted of a photo-reproduction copy of the face of a check issued by the United States Treasury, signed by the Treasury's regional disbursement officer, and naming Lotis D. Harris as the *payee*]

(emphasis added). Significantly, the indictment was wholly silent as to the presence or absence of any endorsement on the reverse side of the check. Lacking any allegation that a forged endorsement appeared on the reverse side of the check, there is no support for evidence to this effect. The probata does not conform with the allegata.

■ Furthermore, in the absence of any allegation as to endorsement, the language of the indictment is inherently and irreconcilably contradictory. When there is an irreconcilable repugnancy between the purport and tenor clauses in a forgery indictment, the indictment is fatally defective for failure to state an offense. *Keagan v. State*, 618 S.W.2d 54, 59 (Tex.Crim.App. 1981). The portion of the purport clause emphasized above alleges that the "writing had been so made" that it purported to be the act of Lotis D. Harris. However, the tenor clause of the check indicates that the maker[1] of the check was the United States Treasury through its representative, the regional disbursement officer, and that Harris was the payee. The contradiction is irreconcilable and renders the indictment fatal. *Cf. Keagan*, 617 S.W.2d at 59 (held, no irreconcilable contradiction where doctrine of idem sonans resolved "trivial" discrepancy between purport clause, which alleged that purported maker was "Mezell," and tenor clause, which showed the maker's signature as "Mizell").

The State argues that the language of the indictment is neither contradictory nor confusing because the indictment plainly alleges that the check was forged in a manner that purports to be the act of Harris. As we understand it, the State con-

---

1. In the context of a check, the maker is synonymous with the drawer. BLACK'S LAW DICTIONARY 861 (5th ed. 1979). The drawer of a check is the person who signs it and guarantees its payment in the event of dishonor. BLACK'S LAW DICTIONARY 444 (5th ed. 1979).

tends that, inasmuch as the tenor clause reflects Harris as payee, we must necessarily infer the existence of a bogus endorsement on the reverse side in the name of Harris. However, such argument contravenes the requirement that "[t]he offense must be set forth in plain and intelligible words." TEX.CODE CRIM.PROC.ANN. art. 21.02(7) (Vernon 1966). Neither does it comply with the requirement that "[e]verything should be stated in an indictment which is necessary to be proved." TEX. CODE CRIM.PROC.ANN. art. 21.03 (Vernon 1966). This prosecution cannot succeed without proof that an endorsement purporting to be the act of Harris appeared on the reverse side of the check. It follows that the omission of such an allegation is fatal.

In support of its position, the State relies on *Ames v. State*, 499 S.W.2d 110, 112–14 (Tex.Crim.App.1973). *Ames* is comparable on its facts to the case at hand in that the face of the check or draft there named a third party as the payee and that the defendant's crime was the placement of a false endorsement on the reverse side. The indictment in that case also was prepared by affixing a photo-reproduction copy of the face of the the instrument to the indictment as the tenor clause. However, the similarities cease at that point. In *Ames*, the purport clause charged that the defendant's falsification was " '*the act of endorsement* ... ' " (emphasis added). *Id.* at 112–13. Also, although the back side of the instrument was not reproduced, the indictment included an allegation that the defendant committed forgery by writing on the back side " 'of the tenor following: ... the name of [payee].' " *Id.* at 113. The distinctions between *Ames* and the case in hand are decisive. The court of criminal appeals there found no material variance between the clauses because the purport clause specifically alleged "the forgery of an endorsement as opposed to forgery of an instrument." *Id.* at 114. That is, the indictment could not reasonably be construed as charging that Ames forged the face of the instrument, i.e., *the maker's name,* because it *expressly alleged* that the forgery consisted of a forged endorsement of the payee's name on the back of the check. *Id.* at 113.

In the case before us, the purport clause fails to allege that appellant, or anyone else, forged Harris's *endorsement.* Rather, the purport clause, when read literally, charges that appellant forged Harris's name as the maker on the face of the check. Because the tenor clause reflects that Harris was not the maker of the check, it conflicts irreconcilably with the purport clause. We hold that such a material variance renders the indictment fatal. Appellant's points are sustained. The trial court's judgment is reversed and the prosecution under this indictment is dismissed.