**Jesse Lavon ROCHELLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0945–87.**

Court of Criminal Appeals of Texas, En Banc.

May 16, 1990.

Rehearing Denied June 27, 1990.

Karen Chilton Beverly, Dallas, for appellant.

Henry Wade, former Dist. Atty., John Vance, Dist. Atty., and Pamela K. Sullivan, Winston Shepherd and Patrick Kilgore, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of forgery. V.T.C.A. Penal Code § 32.21.[1] The jury also assessed punishment, enhanced by two prior convictions for forgery, at 85 years imprisonment. See V.T.C.A. Penal Code § 12.42(d). Appellant raised two points of error on direct appeal, contending the evidence was insufficient to support his conviction and that the indictment was fatally defective. The court of appeals sustained both these points of error, reversed the trial court's judgment, and dismissed the prosecution under the indictment. *Rochelle v. State*, 737 S.W.2d 843 (Tex.App.—Dallas 1987). We originally granted the State's petition for discretionary review to address one issue: whether the court of appeals erred "in considering the alleged indictment defect on appeal because appellant failed to file a pre-trial motion to quash." Appellant, however, claims that the State waived this issue. We will also address appellant's claim.

Omitting the formal portions, the indictment in this cause charged that appellant:
did then and there unlawfully intentionally and knowingly with intent to defraud and harm another, pass to KENNETH R. MICHALSKI a forged writing knowing such writing to be forged, and such writing had been so made that it purported to be the act of LOTIS D. HARRIS who did not authorize the act, and said writing was a CHECK of the tenor following: [the tenor clause consisted of a copy of the check, which was issued by the United States Treasury, signed by the regional disbursing officer [name is illegible], and made payable to Lotis D. Harris in the amount of $325.00.]
The court of appeals concluded the language of the indictment was inherently and irreconcilably contradictory in the absence of any allegation as to endorsement. *Rochelle*, 737 S.W.2d at 844. The court correctly pointed out that the purport clause states the "writing", the check, was the purported act of Lotis D. Harris, while the tenor clause indicates the United States Treasury, through its representative, issued the check to Lotis D. Harris as payee. Thus reading the indictment "literally", the court of appeals found the purport clause

---

1. Section 32.21 provides in relevant part:
   (a) For purposes of this section:
   (1) "Forge" means:
   (A) to alter, make, complete, execute, or authenticate any writing so that it purports:
   (i) to be the act of another who did not authorize that act;

   (B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A) of this subdivision;
   (b) A person commits an offense if he forges a writing with intent to defraud or harm another.

charged appellant forged Harris's name as maker, but the tenor clause reflects that the United States Treasury was the maker. Because of this "material variance", the court of appeals held the indictment was rendered fatally defective. *Id.* at 845.[2]

■ The State contends in its first ground for review that the court of appeals' opinion conflicts with Art. 1.14(b), V.A.C.C.P. Before we may reach this issue, however, we must first address appellant's claim, properly raised in appellant's reply to the State's motion for rehearing in the court of appeals and in appellant's reply to the State's petition for discretionary review, that the State has waived its waiver argument by not presenting it to the court of appeals until filing a motion for rehearing. Appellant relies on our recent decision in *Tallant v. State*, 742 S.W.2d 292 (Tex.Cr.App.1987).

In *Tallant,* the appellant contended in the court of appeals that the admission at trial of numerous photographs of the child rape victim was reversible because the photographs were seized pursuant to a defective search warrant. The State conceded at submission that the search warrant was invalid but that admission of the photographs was harmless because cumulative with other testimony. The court of appeals determined admission of the photographs was reversible error because the pictures were seized pursuant to a defective warrant and the court could not conclude the pictures did not contribute to the punishment assessed. Tex.R.App.Proc. 81(b)(2). In the court of appeals, the State did not raise, and the lower court's opinion did not address, the issue of preservation of error regarding the defective search warrant. In its petition for discretionary review to this Court, the State raised for the first time that the question of the validity of the search had not been preserved for appellate review. In its petition, the State conceded it filed a motion for leave to file an *untimely* motion for rehearing in the court of appeals to present three reasons not previously raised for affirming the appellant's conviction. After discussing the rules pertaining to discretionary review and acknowledging that our past treatment of "such PDRs [where points of error have been raised in the court of appeals for the first time on motion for rehearing] has not been all that consistent", we affirmed the judgment of the court of appeals, holding that:

[T]he State must call to the attention of the court of appeals in orderly and timely fashion that an alleged error was not preserved.

... Similarly, an appellant may not expect this Court to consider a ground for review that does not implicate a determination by the court of appeals of a point of error presented to that court in orderly and timely fashion. See *Degrate v. State,* 712 S.W.2d 755 (Tex.Cr.App. 1986). While a motion for rehearing in the court of appeals is not a prerequisite for our granting discretionary review, Tex.R.App.Pro. Rule 200(d), there will be instances where it is a helpful tool for focusing attention on an adverse determination of an issue, see *id.,* Rule 100(a), and if it draws a responsive opinion from the court so much the better, Rule 100(c).

*Tallant,* 742 S.W.2d at 294–295.

The case at bar differs factually in several respects with *Tallant.* In this cause, in response to appellant's claim that the indictment was fundamentally defective, the State argued there was no fatal variance in the indictment. The court of appeals expressly addressed this issue in its opinion. See *Rochelle,* 737 S.W.2d at 845. Subsequently, the State *timely* filed a motion for rehearing specifically urging, *inter alia,* the court's opinion conflicted with Art. 1.14(b). Tex.R.App.Proc. 100(a).[3] The

**2.** The court of appeals found significant the fact that the purport clause failed to allege that appellant, or anyone else, forged Harris's endorsement on the back of the check, which was the theory of the State's case. The evidence reflected, as summarized by the court of appeals, that appellant sold this social security check which was apparently endorsed by Harris to an undercover officer. Harris testified, however, he had never received this check, the signature on the reverse side was not his, and he did not authorize anyone to endorse the check on his behalf.

**3.** Rule 100(a) provides:

court of appeals overruled the State's motion, albeit without written opinion, apparently determining that "the case should not be reheard". Tex.R.App.Proc. 100(c). Although the procedural facts of this cause differ from those of *Tallant*, we nevertheless find that here the State, by raising its Art. 1.14(b) waiver argument for the first time in its motion for rehearing, failed to raise the issue in either a timely or orderly fashion. Though no specific rule of appellate procedure dictates this result, we reach this conclusion by noting the interplay of several of the Texas Rules of Appellate Procedure.

■ Several rules concern the scheme of events by which an appellant presents to the appellate court his complaints about alleged trial errors. Rule 74(d), entitled Points of Error, states in part that "the points upon which an appeal is predicated shall be stated" in the brief. Rule 74(e), entitled Brief of Appellee, mandates that the appellee's brief shall reply to the points relied upon by the appellant. Rule 74(*o*) allows the amendment or supplementation of a brief at any time "when justice requires upon such reasonable terms as the court may prescribe ..." Rule 74(p) clearly states the purpose of the rules is "to acquaint the court with the points relied upon", and in order to achieve that end "substantial compliance with these rules [in regard to briefs] will suffice in the interest of justice". We perceive the clear import of the purpose stated in Rule 74(p) to be that all points of error sought to be reviewed and all replies thereto are to be included in the original brief. Supplemented or amended briefs bringing new matters to the appellate court may be filed later, but only "as justice requires" or "in the interest of justice" and under reasonable terms imposed by the court. The implication is that such briefs may be filed and considered only with leave of the appellate court. The idea that a party may *force* a new issue on an appellate court after briefs have been filed is foreign to the rules,

although constitutional restraints such as due process may so require in a given case. The same is true for compelling matters that rise to the level of "in the interest of justice". Short of those situations, the decision whether to consider new matters raised in a supplemented or amended brief should be left to the sound discretion of the appellate court. *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas*, 727 S.W.2d 542 (Tex.Cr. App.1987). Here of course we are dealing with a motion for rehearing, as opposed to a brief on original submission, but we are guided by these principles which are meant to result in a presentation to the court of appeals that is both orderly and timely. *Tallant*, 742 S.W.2d 292.

Once briefs are presented, Rule 90(a) mandates that the court of appeals hand down a written opinion "which shall address every issue raised and necessary to final disposition of the appeal." Thereafter, Rule 100(a), entitled Motion and Second Motion for Rehearing, applies. The rule is rather open ended in stating that a motion for rehearing may be filed as to "any matter determined by a court of appeals". It must only "distinctly specif[y]" the points on which it relies. Rule 100(c) then leaves the decision whether to rehear the case to the "opinion" of the justices. Rule 100(e) allows amendment as a matter of right any time before the time for filing the motion has expired and thereafter with leave of the court. Although these passages do not directly address the issue of what matters may be raised in the motion, the previous passages do shed some light on the subject.

■ If a party raises a new ground for the first time on motion for rehearing, we believe the clear import of the rules is that the decision of whether to consider that new matter is left to the sound discretion of the appellate court. In the absence of any indication to the contrary, such as a written opinion on rehearing, we will as-

Any party desiring a rehearing of any matter determined by a court of appeals or any panel thereof must, within fifteen days after the date of rendition of the judgment or decision

of the court, file with the clerk of the court a motion in writing for a rehearing, in which the points relied upon for rehearing shall be distinctly specified.

sume that the court of appeals declined, in its discretion, to consider the new matter. Thus, the overruling of such a motion for rehearing, without written opinion, will not be considered a ruling on an issue "necessary to final disposition of the appeal" and thus will not be a part of the decision of the court of appeals upon which we will base review. Rule 200(a). To hold otherwise would fly in the face of the heretofore stated policy of the rules that all matters be raised in the original brief. It would also force the appellate courts to issue written opinions on rehearing pursuant to Rule 90(a). Moreover, to hold to the contrary would encourage piecemeal appellate litigation in the courts of appeals, which is clearly not the object sought to be attained by the promulgation of the rules.

Circumstances similar to those which compel an appellate court to accept a supplemental brief may also compel the consideration of a new matter raised for the first time on motion for rehearing, but that scenario is not before us. Art. 1.14(b) became effective December 1, 1985, approximately three and one-half months prior to the presentment of this indictment, and more significantly, over one year prior to filing of the State's brief in the court of appeals.[4] In the time between the issuance of the court of appeals' decision in this cause and the filing of the State's motion for rehearing, no significant decisions interpreting Art. 1.14(b), which would have necessitated a reconsideration of appellant's point of error, were rendered by this Court nor was Art. 1.14(b) amended in any way. Under these facts, we find no reason sufficiently compelling to cause us to exercise our discretion under Tex.R.App.Proc. 2(b).[5]

The pertinent contention which the State requested to be addressed on rehearing,

**4.** The file stamp on the State's brief reflects it was filed in the court of appeals on December 5, 1986.

**5.** This rule provides:
Rule 2. Relationship to Jurisdiction and Suspension
(b) Suspension of Rules in Criminal Matters. Except as otherwise provided in these rules, in the interest of expediting a decision or for good cause shown, a court of appeals or the

that Art. 1.14(b) defeated appellant's claim, was not a "matter determined by [the] court of appeals" on original submission. Tex.R.App.Proc. 100(a). Since we hold that the State has failed to preserve the alleged error for review, we do not address the merits of its ground for review. The State's first ground for review is overruled, and judgment of the court of appeals is affirmed.

McCORMICK, P.J., and WHITE, J., concur in the result.

Court of Criminal Appeals may suspend requirements and provisions of any rule in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction. Provided, however, that nothing in this rule shall be construed to allow any court to suspend requirements or provisions of the Code of Criminal Procedure.