PATRICK RICHARD KEAGAN V. THE STATE OF TEXAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-024-CR

NO. 2-03-025-CR

PATRICK RICHARD KEAGAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 43
RD
 DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After pleading guilty to possession of one to four grams of a controlled substance—methamphetamine and to unlawful possession of a firearm by a felon and after pleading true to enhancement paragraphs, Appellant Patrick Richard Keagan was convicted of the two offenses.  He was sentenced to seventy-five years’ confinement and life imprisonment, respectively, in the Institutional Division of the Texas Department of Criminal Justice.  

In one issue, Appellant contends that the trial court abused its discretion in denying his pretrial motion to suppress evidence.  The trial on punishment was held before a jury.  At the punishment trial, all the evidence that Appellant had unsuccessfully tried to get suppressed before trial was admitted with no objection.  Further, Appellant’s defense counsel affirmatively stated, “No objection,” to the admission of the evidence.  When a motion to suppress evidence is overruled, the accused is not required to later object to the admission of the evidence to preserve error.
(footnote: 2)  But when he affirmatively asserts during trial that he has “no objection” to the admission of the evidence complained of, he fails to preserve his challenge to the admissibility of the evidence despite the earlier adverse ruling.
(footnote: 3)  We therefore overrule Appellant's issue.  We note that Appellant raised the issues of ineffective assistance and improper enhancements for the first time in his reply brief.  The State’s original brief had not addressed these issues.  We decline to consider Appellant’s untimely issues.
(footnote: 4) 

Having overruled Appellant’s only properly raised issue, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  February 19, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Dean v. State
, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); 
Traylor v. State
, 855 S.W.2d 25, 26 (Tex. App.—El Paso 1993, no pet.).

3:
Gearing v. State
, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (op. on reh'g), 
overruled on other grounds by Woods v. State
, 956 S.W.2d 33 (Tex. Crim. App. 1997); 
Traylor
, 855 S.W.2d at 26.

4:
See
 
Tex. R. App. P.
 38.3 (providing that appellant’s reply brief may address any matter in appellee’s brief); 
Barrios v. State
, 
27 S.W.3d 313, 322-23 (Tex. App.—Houston [1
st
 Dist.] 2000, pet. ref’d), 
cert. denied
, 534 U.S. 1024 (2001); 
Conrad v. State
, 10 S.W.3d 43, 48 n.4 (Tex. App.—Texarkana 1999, pet. ref’d); 
see also Rochelle v. State
, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990)
 (discussing requirement of former rule 74 that all issues must be raised in original brief).