COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-024-CR
NO. 2-03-025-CR

 
PATRICK 
RICHARD KEAGAN                                                  APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
------------
 
FROM 
THE 43RD DISTRICT COURT OF PARKER COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        After 
pleading guilty to possession of one to four grams of a controlled substance — 
methamphetamine and to unlawful possession of a firearm by a felon and after 
pleading true to enhancement paragraphs, Appellant Patrick Richard Keagan was 
convicted of the two offenses. He was sentenced to seventy-five years’ 
confinement and life imprisonment, respectively, in the Institutional Division 
of the Texas Department of Criminal Justice.
        In 
one issue, Appellant contends that the trial court abused its discretion in 
denying his pretrial motion to suppress evidence. The trial on punishment was 
held before a jury. At the punishment trial, all the evidence that Appellant had 
unsuccessfully tried to get suppressed before trial was admitted with no 
objection. Further, Appellant’s defense counsel affirmatively stated, “No 
objection,” to the admission of the evidence. When a motion to suppress 
evidence is overruled, the accused is not required to later object to the 
admission of the evidence to preserve error.[2]  
But when he affirmatively asserts during trial that he has “no objection” to 
the admission of the evidence complained of, he fails to preserve his challenge 
to the admissibility of the evidence despite the earlier adverse ruling.[3]  We therefore overrule Appellant's issue. We note 
that Appellant raised the issues of ineffective assistance and improper 
enhancements for the first time in his reply brief. The State’s original brief 
had not addressed these issues. We decline to consider Appellant’s untimely 
issues.[4]
        Having 
overruled Appellant’s only properly raised issue, we affirm the trial 
court’s judgments.
 
  
                                                                  PER 
CURIAM

   
PANEL F:   DAUPHINOT, 
HOLMAN, and GARDNER, JJ.
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
February 19, 2004

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Dean v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); Traylor v. 
State, 855 S.W.2d 25, 26 (Tex. App.—El Paso 1993, no pet.).
3. 
Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985) (op. on 
reh'g), overruled on other grounds by Woods v. State, 956 S.W.2d 33 (Tex. 
Crim. App. 1997); Traylor, 855 S.W.2d at 26.
4. 
See Tex. R. App. P. 38.3 (providing that appellant’s 
reply brief may address any matter in appellee’s brief); Barrios v. State, 
27 S.W.3d 313, 322-23 (Tex. App.—Houston [1st Dist.] 2000, pet. 
ref’d), cert. denied, 534 U.S. 1024 (2001); Conrad v. State, 10 
S.W.3d 43, 48 n.4 (Tex. App.—Texarkana 1999, pet. ref’d); see also 
Rochelle v. State, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990) (discussing 
requirement of former rule 74 that all issues must be raised in original brief).