**Stephen Paul PATEL, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–04–00165–CR.

Court of Appeals of Texas, Eastland.

Dec. 8, 2005.

Scott Seamster, Fort Worth, for appellant.

Russell D. Thomason, District Attorney, Eastland, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J., and HILL, J.[1]

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

JOHN G. HILL, Justice, Assigned.

Following the filing of Stephen Paul Patel's petition for discretionary review, in accordance with TEX.R.APP.P. 50, we withdraw our prior opinion and substitute this opinion for that prior opinion. Stephen Paul Patel appeals his conviction by a jury of the offense of aggravated sexual assault. The jury assessed his punishment at eight years in the Texas Department of Criminal Justice, Institutional Division. He contends in a single issue that the evidence is legally and factually insufficient to support his conviction. We affirm.

■ In a legal sufficiency review, we view all of the evidence in the light most favorable to the verdict and then determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In a factual sufficiency review, we view all of the evidence in a neutral light, and we will set the verdict aside only if the evidence is so weak that the verdict is clearly wrong and manifestly unjust or if the contrary evidence is so strong that the standard of proof beyond a reasonable doubt could not have been met. *Zuniga v. State*, 144 S.W.3d 477 (Tex.Cr.App.2004).

■ The complainant testified that, while he was in jail following his conviction of the offense of possession of child pornography, he started having problems with Dustin Keith and Patel after first Keith and then Patel were placed in his cell. He indicated that Keith began by grabbing the back of his head and ramming it into a brick wall. He said that Patel was very close when that happened but that he did not remember exactly where he was. After that, they would walk around the cell and slap him every time they would pass. He specifically mentioned that Patel punched him in the gut and then hit him in the side of the head. He stated that the whole ordeal lasted a day and a half.

The complainant testified that they made him do squats and sit on the wall. He said that Patel would count how long he would have to do this and that he would count "extremely slow." He related that, if he could not stay in the desired position, Patel would kick him. He stated that they would make him do push-ups, with Patel kicking him when he fell while attempting them. According to the complainant, Patel told him that, if he ever reported it, he would come to his house and fight him again and that then he would either fight back or be six feet under.

The complainant testified that either Keith or Patel, he could not remember which, told him to stick his thumb up his rectum. According to the complainant, they said, "Do it." He said that, after more exercising and kicks to the chest, one of them handed him a pencil and told him to stick it up his rectum. He stated that during this ordeal Keith and Patel were "pretty much always together." He related that after a couple of minutes one of them told him to take it out, stick it in his mouth, and lick the feces off. The complainant said that, after he did it, they told him to do it again.

1. John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

The complainant testified that, after more physical abuse that day and the next, either Keith or Patel told him to stick his toothbrush holder up his rectum. He insisted that, when he was told what to do, Keith and Patel were working in "concert together." He said that, after he put the toothbrush holder up his rectum, Keith told him to sit on it and bounce up and down. He stated that, after five to ten minutes, he thought it was Keith who told him to take it out. He testified, "And they told me to put it in my mouth and lick the feces off of it."

Nathan Daniels testified that he was present when Keith and Patel "went off on" the complainant one day. He said that they took him in the corner and "beat the fool" out of him. He stated that they both participated in the beating. He insisted that Patel helped beat the complainant but that Keith instigated it. When asked to describe what he saw Keith and Patel do, Daniels indicated:

> Off-the-wall stuff, stick his head in the toilet, make him drink the toilet water. Plus Dustin Keith urinated in a cup and made him drink it.... They made him sit down, put a toothbrush holder up in his anal cavity, made him sit down and bounce up and down.

According to Daniels, it was Keith, not Patel, who kicked the complainant while he was trying to do push-ups. He insisted that, for the most part, it was Keith, not Patel, who was "doing most of the torment" to the complainant. He said that he guessed that on some days they would come over there and make the complainant do things but that it was Keith that would egg it on and push the issue. When asked whether he had seen Keith order the complainant to do any other "sexual abuse type act," Daniels said, "Well, they made him a few times take a pencil, put it up in his tail and then get on his hands and knees like an animal or hog, and push a rag across the floor with his nose that they used to wipe the urinal with." He stated that, when the complainant was ordered to put the toothbrush holder in his anus, he was ordered to sit up and down on the seat at the table and jump up and down. He related that, while this was happening, Keith was asking, "Is it in there? I just want to make sure." Daniels said that he told them to stop when Keith told the complainant to take the toothbrush holder out and put it in his mouth. He said that they stopped for a few days.

David Hullum testified that he was the Texas Ranger who investigated the allegations of child pornography against the complainant. He said that, when he spoke with him concerning the incident in question, the complainant was "shaking like a leaf." He related that the complainant told him he was afraid of Patel.

The evidence shows that, over an extended period, Patel and Dustin Keith assaulted the complainant and made threats of retaliation in the event he reported it and that the assault included making him put a pencil and a toothbrush holder in his anus. We hold that a reasonable jury could have found from this evidence that Keith intentionally or knowingly caused the penetration of the complainant's anus with a pencil and a toothbrush holder; that Patel, by acts or words occurring in the complainant's presence, threatened to cause or place the complainant in fear that serious bodily injury would be imminently inflicted on him; and that, acting with intent to promote or assist the commission of the offense, he aided Keith to commit the offense, by his own actions and conduct during the offense. We further find that the evidence is not so weak that the verdict is clearly wrong and manifestly unjust and that any contrary evidence is not so strong that the standard of proof beyond a rea-

sonable doubt could not have been met. We, therefore, find that the evidence is legally and factually sufficient to support Patel's conviction.

Patel seeks to separate the beatings from the sexual assault, asserting that there was no testimony establishing that Patel aided Keith in any way in committing the portion of the assault relating to requiring the complainant to put a pencil and a toothbrush holder in his anus. This assertion overlooks the testimony of the complainant that the beating occurred both before and after the sexual assaults and that, when he was told what to do, Keith and Patel were working in concert together. It also ignores Daniels's testimony that "they made him sit down, put a toothbrush holder up in his anal cavity, made him sit down and bounce up and down," and that "they made him a few times take a pencil, put it up in his tail and then get on his hands and knees like an animal or hog." While Daniels sought to place most of the blame on Keith, he acknowledged that, on some days, both men would come over and make the complainant do things.

In his petition for discretionary review, Patel urges that we failed to specifically indicate our ruling on his issue that the evidence is factually insufficient to support his conviction. We agree that the opinion should have been more specific; accordingly, we have specifically addressed the issue in this modified and corrected opinion.

Additionally, Patel contends in his petition for discretionary review that the evidence is insufficient because the State failed to prove that either Patel or Keith penetrated or touched the victim's anus; that the evidence is insufficient because the State failed to prove that the victim received serious bodily injury or was threatened with or placed in fear of death or serious bodily injury; that the

evidence is insufficient because any threat was not imminent; and that the evidence is insufficient because there was no threat. Patel failed to present these contentions in his appellate brief. Consequently, these issues have not been briefed by the State. Furthermore, the time in which we may alter our original opinion following the filing of a petition for discretionary review is limited. The briefing rules in the Texas Rules of Appellate Procedure do not contemplate new issues being raised after the filing of the appellate briefs. *Rochelle v. State*, 791 S.W.2d 121, 125 (Tex.Cr.App. 1990). Generally, this court has discretion not to consider matters raised after the filing of the appellate briefs. *Id.* at 124. Therefore, because Patel's presentation of these issues is not presented in a timely or orderly fashion, we exercise our discretion not to consider these new matters raised for the first time by Patel in his petition for discretionary review. We overrule Patel's sole issue on appeal.

The judgment is affirmed.