Order filed December 8, 2005












 
 
  
 
 







 
 
  
 
 




Order filed December 8, 2005

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00165-CR 

                                                    __________

 

                                  STEPHEN PAUL PATEL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 91st District Court

                                                        Eastland
County, Texas

                                             Trial
Court Cause No. CR-03-20155

 



 

                                                                     O
R D E R

 

Our former opinion and judgment dated August 18, 2005, are
withdrawn, and our opinion and judgment dated December 8, 2005, are substituted
therefor.

 

JOHN G. HILL

December 8, 2005                                                                               JUSTICE

Do not
publish this page only.  See
TEX.R.APP.P. 47.2(b).

Panel consists of:
Wright, C.J., and

McCall, J., and Hill, J.[1]











 
 
  
 
 







 
 
  
 
 




Opinion filed December
8, 2005

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00165-CR 

                                                    __________

 

                                  STEPHEN PAUL PATEL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland
County, Texas

 

                                             Trial
Court Cause No. CR-03-20155

 



 

    O P I N I O N   O N  
P E T I T I O N   F O R   D I S C R E T I O N A R Y   R E V I E W

 

Following the filing of Stephen Paul Patel=s petition for discretionary review, in
accordance with TEX.R.APP.P. 50, we withdraw our prior opinion and substitute
this opinion for that prior opinion. 
Stephen Paul Patel appeals his conviction by a jury of the offense of
aggravated sexual assault.  The jury
assessed his punishment at eight years in the Texas Department of Criminal
Justice, Institutional Division.  He
contends in a single issue that the evidence is legally and factually
insufficient to support his conviction. 
We affirm.








In a legal sufficiency review, we view all of the
evidence in the light most favorable to the verdict and then determine whether
a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979).  In a
factual sufficiency review, we view all of the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict
is clearly wrong and manifestly unjust or if the contrary evidence is so strong
that the standard of proof beyond a reasonable doubt could not have been
met.  Zuniga v. State, 144 S.W.3d
477  (Tex.Cr.App.2004).

The complainant testified that, while he was in
jail following his conviction of the offense of possession of child
pornography, he started having problems with Dustin Keith and Patel after first
Keith and then Patel were placed in his cell. 
He indicated that Keith began by grabbing the back of his head and
ramming it into a brick wall.  He said
that Patel was very close when that happened but that he did not remember
exactly where he was.  After that, they
would walk around the cell and slap him every time they would pass.  He specifically mentioned that Patel punched
him in the gut and then hit him in the side of the head.  He stated that the whole ordeal lasted a day
and a half.

The complainant testified that they made him do
squats and sit on the wall.  He said that
Patel would count how long he would have to do this and that he would count Aextremely slow.@  He related that, if he could not stay in the
desired position, Patel would kick him. 
He stated that they would make him do push-ups, with Patel kicking him
when he fell while attempting them. 
According to the complainant, Patel told him that, if he ever reported
it, he would come to his house and fight him again and that then he would
either fight back or be six feet under.

The complainant testified that either Keith or
Patel, he could not remember which, told him to stick his thumb up his
rectum.  According to the complainant,
they said, ADo it.@ 
He said that, after more exercising and kicks to the chest, one of them
handed him a pencil and told him to stick it up his rectum.  He stated that during this ordeal Keith and
Patel were Apretty
much always together.@  He related that after a couple of minutes one
of them told him to take it out, stick it in his mouth, and lick the feces
off.  The complainant said that, after he
did it, they told him to do it again.

The complainant testified that, after more physical
abuse that day and the next, either Keith or Patel told him to stick his
toothbrush holder up his rectum.  He
insisted that, when he was told what to do, Keith and Patel were working in Aconcert together.@ 
He said that, after he put the toothbrush holder up his rectum, Keith
told him to sit on it and bounce up and down. 
He stated that, after five to ten minutes, he thought it was Keith who
told him to take it out.  He testified, AAnd they told me to put it in my mouth
and lick the feces off of it.@








Nathan Daniels testified that he was present when
Keith and Patel Awent off
on@ the complainant one day.  He said that they took him in the corner and Abeat the fool@
out of him.  He stated that they both
participated in the beating.  He insisted
that Patel helped beat the complainant but that Keith instigated it. When asked
to describe what he saw Keith and Patel do, Daniels indicated:

Off-the-wall
stuff, stick his head in the toilet, make him drink the toilet water.  Plus Dustin Keith urinated in a cup and made
him drink it....They made him sit down, put a toothbrush holder up in his anal
cavity, made him sit down and bounce up and down.

 

According to Daniels, it was Keith, not Patel, who
kicked the complainant while he was trying to do push-ups.  He insisted that, for the most part, it was
Keith, not Patel, who was Adoing
most of the torment@ to the
complainant.  He said that he guessed
that on some days they would come over there and make the complainant do things
but that it was Keith that would egg it on and push the issue.  When asked whether he had seen Keith order
the complainant to do any other Asexual
abuse type act,@ Daniels
said, AWell,
they made him a few times take a pencil, put it up in his tail and then get on
his hands and knees like an animal or hog, and push a rag across the floor with
his nose that they used to wipe the urinal with.@  He stated that, when the complainant was
ordered to put the toothbrush holder in his anus, he was ordered to sit up and
down on the seat at the table and jump up and down.  He related that, while this was happening,
Keith was asking, AIs it in
there?  I just want to make sure.@ 
Daniels said that he told them to stop when Keith told the complainant
to take the toothbrush holder out and put it in his mouth.  He said that they stopped for a few days.

David Hullum testified that he was the Texas Ranger
who investigated the allegations of child pornography against the
complainant.  He said that, when he spoke
with him concerning the incident in question, the complainant was Ashaking like a leaf.@ 
He related that the complainant told him he was afraid of Patel.








The evidence shows that, over an extended period,
Patel and Dustin Keith assaulted the complainant and made threats of
retaliation in the event he reported it and that the assault included making
him put a pencil and a toothbrush holder in his anus.  We hold that a reasonable jury could have
found from this evidence that Keith intentionally or knowingly caused the penetration
of the complainant=s anus
with a pencil and a toothbrush holder; that Patel, by acts or words occurring
in the complainant=s
presence, threatened to cause or place the complainant in fear that serious
bodily injury would be imminently inflicted on him; and that, acting with
intent to promote or assist the commission of the offense, he aided Keith to
commit the offense, by his own actions and conduct during the offense.  We further find that the evidence is not so
weak that the verdict is clearly wrong and manifestly unjust and that any
contrary evidence is not so strong that the standard of proof beyond a
reasonable doubt could not have been met. 
We, therefore, find that the evidence is legally and factually sufficient
to support Patel=s
conviction.

Patel seeks to separate the beatings from the
sexual assault, asserting that there was no testimony establishing that Patel
aided Keith in any way in committing the portion of the assault relating to
requiring the complainant to put a pencil and a toothbrush holder in his
anus.  This assertion overlooks the
testimony of the complainant that the beating occurred both before and after
the sexual assaults and that, when he was told what to do, Keith and Patel were
working in concert together.  It also
ignores Daniels=s
testimony that Athey made
him sit down, put a toothbrush holder up in his anal cavity, made him sit down
and bounce up and down,@
and that Athey made
him a few times take a pencil, put it up in his tail and then get on his hands
and knees like an animal or hog.@
While Daniels sought to place most of the blame on Keith, he acknowledged that,
on some days, both men would come over and make the complainant do things.

In his petition for discretionary review, Patel
urges that we failed to specifically indicate our ruling on his issue that the
evidence is factually insufficient to support his conviction.  We agree that the opinion should have been
more specific; accordingly, we have specifically addressed the issue in this
modified and corrected opinion.








Additionally, Patel contends in his petition for
discretionary review that the evidence is insufficient because the State failed
to prove that either Patel or Keith penetrated or touched the victim=s anus; that the evidence is
insufficient because the State failed to prove that the victim received serious
bodily injury or was threatened with or placed in fear of death or serious
bodily injury; that the evidence is insufficient because any threat was not
imminent; and that the evidence is insufficient because there was no
threat.  Patel failed to present these
contentions in his appellate brief. 
Consequently, these issues have not been briefed by the State.  Furthermore, the time in which we may alter
our original opinion following the filing of a petition for discretionary
review is limited.  The briefing rules in
the Texas Rules of Appellate Procedure do not contemplate new issues being
raised after the filing of the appellate briefs.  Rochelle v. State, 791 S.W.2d 121, 125
(Tex.Cr.App. 1990).  Generally, this
court has discretion not to consider matters raised after the filing of the
appellate briefs.  Id. at
124.  Therefore, because Patel=s presentation of these issues is not
presented in a timely or orderly fashion, we exercise our discretion not to
consider these new matters raised for the first time by Patel in his petition
for discretionary review.  We overrule
Patel=s sole
issue on appeal.

The judgment is affirmed.

 

JOHN G. HILL

JUSTICE

 

December 8, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Hill, J.[2]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.