COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§                                        No. 08-10-00152-CR

§                                        Appeal from

EX PARTE: DAVID VASQUEZ        §

§                                        65th District Court

§                                        of El Paso County, Texas

§                                        (TC# 980D09457-65-1)

§

**O P I N I O N**

David Vasquez appeals the trial court's denial of his application for writ of habeas corpus. Finding no error, we affirm.

**FACTUAL SUMMARY**

Appellant was indicted by a grand jury on October 3, 1998 for cocaine possession, less than one gram. On March 8, 1999, he pled no contest to the charged offense as part of a plea agreement whereby the State sought deferred adjudication for a period not to exceed ten years. As part of the same negotiated agreement, the State agreed to prosecute the offense, which is generally a state jail felony, as a Class A misdemeanor under Texas Penal Code Section 12.44(b). After executing the requisite admonishments and waivers, the court accepted Appellant's plea, and entered an order deferring adjudication of guilt and placing Appellant on community supervision for a period of two years. As part of his community supervision, Appellant was required to avoid drug use and intoxication, report monthly to a community supervision officer, complete two hundred hours of community service, pay several enumerated fines, and attend

specified drug treatment programs. There was no appeal from the deferred adjudication order.

On February 28, 2001, less than a month before the termination of community supervision, the State filed a motion to adjudicate guilt, alleging that Appellant had violated his community supervision agreement by: (1) introducing cocaine into his body; (2) failing to report on fifteen separate occasions; (3) failing to pay numerous fines; (4) failing to participate in the required community service; (5) failing to report to a program licensed by the Texas Commission of Alcohol and Drug Abuse; (6) failing to report to the Treatment Alternatives to Incarceration Program; and (7) failing to report to Alcoholics Anonymous/Narcotics Anonymous. On June 25, 2001, the court entered judgment revoking community supervision and adjudicating Appellant guilty of the offense of possession of a controlled substance - less than one gram of cocaine, a Class A misdemeanor. The court then sentenced him to 180 days in the El Paso County Detention Facility. Appellant did not appeal.

Nine years later, Appellant filed an application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure Article 11.072 and Article 8, Section 5 of the Texas Constitution, alleging:

> Applicant, David Vasquez, faces removal from the United States by virtue of a nolo contendere plea he entered in cause number 980D09457 to the offense of possession of less than 1 gram of cocaine. This Order was rendered March 8, 1999, at which time the 65th Judicial District Court deferred the adjudication of Vasquez' guilt and placed him on community supervision for a period of 2 years pursuant to Texas Penal Code Section 12.44(b)

Essentially, Appellant complained that he faced removal proceedings due to his 1999 no contest plea. He argued that he received ineffective assistance from his trial counsel at the original proceeding, rendering his plea involuntary. He also alleged that his original plea was

- 2 -

involuntary because the trial court failed to admonish him regarding the adverse immigration consequences associated with his plea. The State responded that the trial court lacked subject matter to hear the application under Article 11.072 because Appellant's probation had previously been revoked and he was adjudicated guilty and sentenced to jail at that time.

The trial court denied Appellant's application, finding that the order placing him on community supervision was superceded by the final judgment revoking his community supervision and adjudicating him guilty of the offense. This appeal follows.

## AVAILABILITY OF RELIEF

Appellant states his sole issue on appeal as, "the Trial Court erred in ruling that it did not possess subject-matter jurisdiction to entertain Appellant Vasquez' article 11.072 writ application." Initially, we note that the trial court did not dismiss Appellant's application for want of subject matter jurisdiction. In fact, the court's order expressly recognized that it had original jurisdiction to entertain writs of habeas corpus under the authority granted by Article V, Section 8 of the Texas Constitution and under Article 11.05 of the Texas Code of Criminal Procedure. *See Ex parte Hargett*, 819 S.W.2d 866, 867 (Tex.Crim.App. 1991). The trial court determined that, "Vasquez's application, erroneously filed under article 11.072 of the Code of Criminal Procedure, has invoked this Court's original habeas jurisdiction." Rather than denying relief for want of subject matter jurisdiction, the trial court denied Appellant's application on the merits because his original community supervision was revoked and he was sentenced to a period of confinement in jail.

Article 11.072 of the Texas Code of Criminal Procedure establishes the procedures for an application of writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks

relief from a judgment of conviction ordering community supervision. *See* TEX.CODE CRIM.PROC.ANN. art. 11.072 (West 2005). At the time the application is filed, the applicant must be, or have been, on community supervision, and the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) the conditions of community supervision. *Id*. at § 2(b). In any case in which the trial court does not determine the application is frivolous, the court must enter findings of fact and conclusions of law. *See id*. at § 7. Additionally, Section 8 provides that if the trial court denies the application "in whole or in part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure." *See id*. at § 8.

In his writ application, Appellant challenged the legality of his original 1999 guilty plea to the Class A misdemeanor offense of cocaine possession which resulted in an order granting deferred adjudication community supervision for a period of two years. Neither his writ application nor his brief on appeal allege error with respect to the 2001 order which revoked his community supervision and adjudicated him guilty of the charged offense. All of his arguments focus on Article 11.072 and the original plea and ignore the fact that Appellant was subsequently adjudicated guilty. According to Appellant, because the wording of Article 11.072 applies to an applicant who is on, or "ha[s] been on," community supervision, the plain meaning encompasses situations such as his because Appellant "ha[s] been on" community supervision. Next, he relies on the absence of any other post-conviction writ procedure under Texas law which operates to deprive a convicting court of subject matter jurisdiction under Article 11.072 once jurisdiction attaches under this statute.

Appellant relies heavily on the Court of Criminal Appeals decision in *Villanueva v. State*,

- 4 -

252 S.W.3d 391 (Tex.Crim.App. 2008):

> By enacting Article 11.072, it is clear that the Legislature intended Article 11.072 to provide the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8 of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision.

But *Villanueva* does not establish that Article 11.072 is applicable because that case involved a writ filed prior to the appellant's adjudication of guilt. *See Villanueva*, 252 S.W.3d at 391; *see also Arreola v. State*, 207 S.W.3d 387, 389 (Tex.App.--Houston [1st Dist.] 2006, no pet.)(holding that court had jurisdiction over appellant's Article 11.072 writ application where appellant filed a writ of habeas corpus challenging the voluntariness of his guilty plea in response to the state's motion to adjudicate guilt, even though the writ was later denied and subsequently appellant pled true to the allegations in the state's motion to revoke and was adjudicated guilty)*, citing to Kniatt v. State*, 206 S.W.3d 657 (Tex.Crim.App. 2006)(holding that court had jurisdiction to hear pre-conviction application for writ of habeas corpus that was filed by applicant while applicant was on deferred adjudication community supervision even though trial court did not rule on application until after applicant was adjudicated guilty). None of the cases cited by Appellant permits a writ under Article 11.072 after revocation and adjudication of guilt.

If a district court denies habeas relief under Article 5, Section 8 of the Texas Constitution, the applicant may appeal the ruling to this court. *Hargett*, 819 S.W.2d at 868. Vasquez has indeed appealed, but he has not assigned error as to the denial of relief on the merits. In the interest of justice, we have the authority to entertain the argument on rehearing. *Rochelle v. State*, 791 S.W.2d 121, 124 (Tex.Crim.App. 1990).

The judgment of the trial court is affirmed.

January 25, 2012　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)

(Do Not Publish)