COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 No.
 08-10-00152-CR
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 Appeal from
 
 
 
 
 EX PARTE:  DAVID
 VASQUEZ
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 65th District
 Court
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 of El Paso
 County, Texas
 
 
 
 
  
 
 
 §
 
 
  
 
 
 
 
  
 
 
  
 
 
 (TC# 980D09457-65-1)
 
 
 
 
  
 
 
 §
 
 
  
 
 


 

O P I N I O N

 

David Vasquez appeals the trial court=s denial of his application for writ of
habeas corpus.  Finding no error, we
affirm.

FACTUAL
SUMMARY








Appellant was indicted by a grand jury on
October 3, 1998 for cocaine possession, less than one gram.  On March 8, 1999, he pled no contest to the
charged offense as part of a plea agreement whereby the State sought deferred
adjudication for a period not to exceed ten years.  As part of the same negotiated agreement, the
State agreed to prosecute the offense, which is generally a state jail felony,
as a Class A misdemeanor under Texas Penal Code Section 12.44(b).  After executing the requisite admonishments
and waivers, the court accepted Appellant=s
plea, and entered an order deferring adjudication of guilt and placing
Appellant on community supervision for a period of two years.  As part of his community supervision,
Appellant was required to avoid drug use and intoxication, report monthly to a
community supervision officer, complete two hundred hours of community service,
pay several enumerated fines, and attend specified drug treatment
programs.  There was no appeal from the
deferred adjudication order.

On February 28, 2001, less than a month
before the termination of community supervision, the State filed a motion to
adjudicate guilt, alleging that Appellant had violated his community
supervision agreement by:  (1)
introducing cocaine into his body; (2) failing to report on fifteen separate
occasions; (3) failing to pay numerous fines; (4) failing to participate in the
required community service; (5) failing to report to a program licensed by the
Texas Commission of Alcohol and Drug Abuse; (6) failing to report to the
Treatment Alternatives to Incarceration Program; and (7) failing to report to
Alcoholics Anonymous/Narcotics Anonymous. 
On June 25, 2001, the court entered judgment revoking community
supervision and adjudicating Appellant guilty of the offense of possession of a
controlled substance - less than one gram of cocaine, a Class A
misdemeanor.  The court then sentenced
him to 180 days in the El Paso County Detention Facility.  Appellant did not appeal.  








Nine years later, Appellant filed an
application for writ of habeas corpus pursuant to Texas Code of Criminal
Procedure Article 11.072 and Article 8, Section 5 of the Texas Constitution,
alleging: 

Applicant,
David Vasquez, faces removal from the United States by virtue of a nolo
contendere plea he entered in cause number 980D09457 to the offense of
possession of less than 1 gram of cocaine. 
This Order was rendered March 8, 1999, at which time the 65th Judicial
District Court deferred the adjudication of Vasquez=
guilt and placed him on community supervision for a period of 2 years pursuant
to Texas Penal Code Section 12.44(b) 

 

Essentially, Appellant complained that he faced removal
proceedings due to his 1999 no contest plea. 
He argued that he received ineffective assistance from his trial counsel
at the original proceeding, rendering his plea involuntary.  He also alleged that his original plea was
involuntary because the trial court failed to admonish him regarding the
adverse immigration consequences associated with his plea.  The State responded that the trial court
lacked subject matter to hear the application under Article 11.072 because
Appellant=s
probation had previously been revoked and he was adjudicated guilty and
sentenced to jail at that time.

The trial court denied Appellant=s application, finding that the order
placing him on community supervision was superceded by the final judgment
revoking his community supervision and adjudicating him guilty of the
offense.  This appeal follows.

AVAILABILITY
OF RELIEF








Appellant states his sole issue on appeal
as, Athe Trial
Court erred in ruling that it did not possess subject-matter jurisdiction to
entertain Appellant Vasquez=
article 11.072 writ application.@  Initially, we note that the trial court did
not dismiss Appellant=s
application for want of subject matter jurisdiction.  In fact, the court=s
order expressly recognized that it had original jurisdiction to entertain writs
of habeas corpus under the authority granted by Article V, Section 8 of the
Texas Constitution and under Article 11.05 of the Texas Code of Criminal
Procedure.  See Ex parte Hargett,
819 S.W.2d 866, 867 (Tex.Crim.App. 1991). 
The trial court determined that, AVasquez=s application, erroneously filed under article
11.072 of the Code of Criminal Procedure, has invoked this Court=s original habeas jurisdiction.@ 
Rather than denying relief for want of subject matter jurisdiction, the
trial court denied Appellant=s
application on the merits because his original community supervision was
revoked and he was sentenced to a period of confinement in jail.

Article 11.072 of the Texas Code of Criminal
Procedure establishes the procedures for an application of writ of habeas
corpus in a felony or misdemeanor case in which the applicant seeks relief from
a judgment of conviction ordering community supervision.  See Tex.Code
Crim.Proc.Ann. art. 11.072 (West 2005).  At the time the application is filed, the
applicant must be, or have been, on community supervision, and the application
must challenge the legal validity of:  (1) the conviction for which or order in which
community supervision was imposed; or (2) the conditions of community
supervision.  Id. at ' 2(b). 
In any case in which the trial court does not determine the application
is frivolous, the court must enter findings of fact and conclusions of
law.  See id. at ' 7. 
Additionally, Section 8 provides that if the trial court denies the
application Ain whole
or in part, the applicant may appeal under Article 44.02 and Rule 31, Texas
Rules of Appellate Procedure.@  See id. at '
8.  








In his writ application, Appellant
challenged the legality of his original 1999 guilty plea to the Class A
misdemeanor offense of cocaine possession which resulted in an order granting
deferred adjudication community supervision for a period of two years.  Neither his writ application nor his brief on
appeal allege error with respect to the 2001 order which revoked his community
supervision and adjudicated him guilty of the charged offense.  All of his arguments focus on Article 11.072
and the original plea and ignore the fact that Appellant was subsequently
adjudicated guilty.  According to
Appellant, because the wording of Article 11.072 applies to an applicant who is
on, or Aha[s]
been on,@
community supervision, the plain meaning encompasses situations such as his
because Appellant Aha[s]
been on@
community supervision.  Next, he relies
on the absence of any other post-conviction writ procedure under Texas law
which operates to deprive a convicting court of subject matter jurisdiction
under Article 11.072 once jurisdiction attaches under this statute.  

Appellant relies heavily on the Court of
Criminal Appeals decision in Villanueva v. State, 252 S.W.3d 391
(Tex.Crim.App. 2008):  

By
enacting Article 11.072, it is clear that the Legislature intended Article
11.072 to provide the exclusive means by which the district courts may exercise
their original habeas jurisdiction under Article V, Section 8 of the Texas
Constitution in cases involving an individual who is either serving a term of
community supervision or who has completed a term of community supervision.

 








But Villanueva does not establish that Article 11.072
is applicable because that case involved a writ filed prior to the appellant=s adjudication of guilt.  See Villanueva, 252 S.W.3d at 391; see
also Arreola v. State, 207 S.W.3d 387, 389 (Tex.App.--Houston [1st Dist.]
2006, no pet.)(holding that court had jurisdiction over appellant=s Article 11.072 writ application where
appellant filed a writ of habeas corpus challenging the voluntariness of his
guilty plea in response to the state=s
motion to adjudicate guilt, even though the writ was later denied and
subsequently appellant pled true to the allegations in the state=s motion to revoke and was adjudicated
guilty), citing to Kniatt v. State, 206 S.W.3d 657 (Tex.Crim.App.
2006)(holding that court had jurisdiction to hear pre-conviction application
for writ of habeas corpus that was filed by applicant while applicant was on
deferred adjudication community supervision even though trial court did not
rule on application until after applicant was adjudicated guilty).  None of the cases cited by Appellant permits
a writ under Article 11.072 after revocation and adjudication of guilt.

If a district court denies habeas relief
under Article 5, Section 8 of the Texas Constitution,  the applicant may appeal the ruling to this
court.  Hargett, 819 S.W.2d at
868.  Vasquez has indeed appealed, but he
has not assigned error as to the denial of relief on the merits.  In the interest of justice, we have the
authority to entertain the argument on rehearing.  Rochelle v. State, 791 S.W.2d 121, 124
(Tex.Crim.App. 1990).

The judgment of the trial court is affirmed.  

 

 

 

January 25, 2012                                             __________________________________________

ANN CRAWFORD McCLURE, Chief
Justice

 

Before McClure, C.J., Rivera, J., and Chew, C.J. (Senior)

 

(Do Not Publish)