*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-11-00283-CR

Zachary David **WARNELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B10532
The Honorable M. Rex Emerson, Judge Presiding

### OPINION ON APPELLANT'S MOTION FOR REHEARING

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  May 23, 2012

AFFIRMED

On April 4, 2012, we issued an opinion and judgment affirming the trial court's judgments. Thereafter, appellant, Zachary David Warnell, filed a motion for rehearing. The motion for rehearing is denied. However, we withdraw our April 4, 2012 opinion and judgment and substitute this opinion and judgment in order to address issues raised by Warnell in his supplemental brief.

BACKGROUND

Warnell was charged in a two-count indictment with sexual assault of a child. The first count alleged Warnell inserted his sexual organ into the complainant's sexual organ, and the second alleged Warnell caused his mouth to contact the complainant's sexual organ. The complainant, K.F., testified the assault took place in the bathroom of the house where she was living. She was fifteen years old at that time. She testified Warnell placed his mouth on her vagina and inserted his penis into her vagina. Betty Mercer, a Sexual Assault Nurse Examiner, testified that she examined K.F. the day after the assault and obtained a vaginal swab during the examination. Emma Becker, a forensic scientist with the Department of Public Safety, testified she compared the vaginal swabs with a sample of Warnell's DNA and concluded that Warnell's DNA formed a major component of the sperm cell fraction found on the vaginal swab. Becker stated that the odds of another person unrelated to the defendant having the same DNA profile as Warnell are at least one in 115 quintillion — more than the current population of the earth. She also testified that spermatozoa were also found on the vaginal swab. She did not conduct a test on the sample to determine the presence of saliva.

The State also introduced into evidence an excerpt from a video statement Warnell made to the Kerr County Sheriff's office days after the assault. During the interview, Warnell denied having sexual relations with K.F., claiming that he last saw her weeks before the interview. He also refused to voluntarily provide a DNA sample.

Acting *pro se*, Warnell appeals the judgments of the trial court, arguing the evidence is legally insufficient to support the verdict in Count Two, conviction on both counts violates his double jeopardy rights, and the trial court erred by not ensuring bench conferences were recorded. In his supplemental brief, Warnell complained of bias on the part of the trial judge,

ineffective assistance of counsel, and the trial court's denial of his motion to replace counsel. We affirm the judgments.

## SUFFICIENCY OF THE EVIDENCE

In a challenge to the sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899, 912 (Tex. Crim. App. 2010). We defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Id.* at 899.

Warnell attacks the sufficiency of the evidence to support the second count, arguing the evidence does not prove his mouth contacted K.F.'s sexual organ because the scientist did not find any saliva in the vaginal swab. We disagree with the argument. K.F. testified several times that Warnell placed his mouth on her vagina. This testimony alone was sufficient to permit a rational jury to find beyond a reasonable doubt that Warnell caused his mouth to contact the complainant's sexual organ.

## DOUBLE JEOPARDY

Warnell contends that both of his convictions arose during a single incident or episode, and double jeopardy prevents the affirmance of both convictions. We disagree. The Court of Criminal Appeals has made it clear that section 22.011(a)(2) of the Texas Penal Code, which defines sexual assault of a child, establishes separate offenses based on the type of penetration or contact. *See Vick v. State*, 991 S.W.2d 830, 833 (Tex. Crim. App. 2006). Penetration of a child's sexual organ is prohibited by section 22.011(a)(2)(A), and causing the actor's mouth to contact the child's sexual organ is prohibited by section 22.011(a)(2)(C). *See* TEX. PENAL CODE

ANN. §§ 22.011(a)(2)(A), 22.011(a)(2)(C) (West 2011). K.F. testified Warnell used his sexual organ to penetrate her sexual organ, and used his mouth to contact her vagina. These are separate offenses and the convictions on both counts do not violate double jeopardy protections.

### FAILURE TO RECORD BENCH CONFERENCES

In his last point of error, Warnell complains the trial court erred by failing to ensure bench conferences during trial were recorded by the court reporter. However, Warnell fails to direct the court to any place in the record where an unrecorded bench conference occurred. *See* TEX. R. APP. P. 38.1 (requiring appellant's brief to contain appropriate citations to authorities and to the record). As such, his brief presents nothing for review. *See Stahle v. State*, 970 S.W.2d 682, 692 (Tex. App.—Dallas 1998, pet. ref'd). Furthermore, our review of the record demonstrates that numerous bench conferences conducted during trial were recorded.

### SUPPLEMENTAL ISSUES

After this appeal was set for submission, but before it was submitted, Warnell filed a supplemental brief, raising several additional issues. As a general rule, an appellant is required to bring all points of error or issues sought to be reviewed in his original brief. *Rochelle v. State*, 791 S.W.2d 121, 124 (Tex. Crim. App. 1990). We are not required to consider issues raised for the first time in a reply or supplemental brief without leave of court. *Id.* However, we may, in our discretion, consider such issues. *See id.*

Warnell's supplemental brief asserts the trial judge may have been biased because he had been the prosecuting attorney in previous unrelated charges against Warnell. This issue is not properly before us because it was not raised in the trial court and therefore was not preserved for appellate review. *See* Tex. R. App. P. 33.1(a); *see also Long v. State*, 137 S.W.3d 726, 736 (Tex. App.—Waco 2004, pet. ref'd) (trial judge who prosecuted appellant in previous case but did not

participate in prosecution of pending case was not required to recuse and counsel did not provide ineffective assistance by failing to file motion to recuse).

Warnell next contends his appointed trial counsel provided ineffective assistance because he "never brought up whether the incident was consensual or forced." We disagree that this shows counsel was ineffective because consent or lack of consent is irrelevant in a prosecution under section 22.011(a)(2) of the Penal Code. *See Pawson v. State*, 865 S.W.3d 36, 36 (Tex. Crim. App. 1993). Finally, Warnell appears to complain about the trial court's denial of his motion to replace appointed counsel. However, Warnell provides no argument, authority, or citations to the record to support his contention. Moreover, Warnell did not present any evidence or argument at the hearing on the motion that would lead us to conclude the trial court's ruling was an abuse of discretion.

### CONCLUSION

The judgments of the trial court are affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH