Joe Angelo **SOTELO**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 0915–94.

Court of Criminal Appeals of Texas, En Banc.

Nov. 1, 1995.

Discretionary Review Denied Jan. 17, 1996.

Ward Casey, Fort Worth, for appellant.

Danielle A. LeGault, Asst. Dist. Atty., Robert A. Huttash, Fort Worth, State's Atty., Austin, for the State.

*OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW*

CLINTON, Judge.

Appellee, Joe Angelo Sotelo, Jr., was indicted in two counts, one for attempted murder and the other for aggravated assault with a deadly weapon. The jury acquitted appellee of the attempted murder charge but convicted him of the lesser included offense of aggravated assault with a deadly weapon. Because the enhancement paragraphs referred to "the primary offense," the trial court ruled they applied only to the attempted murder charge. Accordingly, he assessed punishment at the maximum sentence available for the unenhanced offense, 10 years confinement. Appellee appealed the conviction. Pursuant to Article 44.01(c), V.A.C.C.P., the State filed a cross-appeal, contesting the trial court's ruling that the enhancement paragraphs were unavailable. In an unpublished opinion, the court of appeals overruled all of appellee's points of error, but sustained the State's contention that the trial court erred in refusing to consider the enhancement paragraphs in assessing punishment. Accordingly, the court of appeals remanded the cause to the trial court for a new punishment proceeding. *State v. Sotelo,* (Tex.App.—Fort Worth, No. 2–93–083–CR, delivered May 31, 1994).

Appellee filed a motion for rehearing in the court of appeals, contending for the first time that the remand for a new punishment proceeding violated the double jeopardy provisions of the Fifth Amendment to the United States Constitution and Article I, § 14 of the Texas Constitution. He relied for this proposition upon this Court's opinion in *Armstrong v. State,* 805 S.W.2d 791 (Tex.Cr.App. 1991). The court of appeals simply denied the motion for rehearing without opinion. Appellee now brings the same double jeopardy contention before this Court in his petition for discretionary review. We granted appellee's petition pursuant to Tex.R.App. Pro., Rule 200 (c)(3) & (6), and now remand the cause to the court of appeals to consider the merits of his contention.

■ The State argues that appellee has failed to preserve the merits of his double jeopardy contention for discretionary review because he raised it for the first time in his motion for rehearing. The State contends that such a complaint at this stage of the proceedings comes too late, citing *Rochelle v. State,* 791 S.W.2d 121 (Tex.Cr.App.1990) and *Farrell v. State,* 864 S.W.2d 501 (Tex.Cr.App.

1993) (Plurality opinion), for this proposition. We agree with the State that appellant's jeopardy complaint is not properly before us. This Court reviews only "decisions" of the courts of appeals; we do not reach the merits of any party's contention when it has not been addressed by the lower appellate court. *Lee v. State*, 791 S.W.2d 141 (Tex.Cr.App. 1991).

We disagree with the State, however, that appellee has procedurally defaulted his claim altogether. In *Rochelle* the State argued for the first time in a motion for rehearing that the defendant's claim of fundamentally defective indictment was forfeited, because it had not been timely raised in the trial court pursuant to Article 1.14(b), V.A.C.C.P. The court of appeals, having ruled on the merits of the defendant's contention on original submission, simply overruled the State's motion for rehearing without comment. We held that the court of appeals was not required to entertain the State's contention for the first time in a motion for rehearing. Because the court of appeals did not entertain the contention, this Court had no "decision" *vis-a-vis* the State's Article 1.14(b) forfeiture argument to review. And because the court of appeals had discretion to refuse to entertain the State's motion for rehearing as untimely raising the Article 1.14(b) issue, we did not remand the cause for that court to consider it. We simply overruled the State's ground for review and affirmed the court of appeals' judgment.

The State contends that we should likewise overrule appellee's ground for review in this cause and affirm the judgment of the court of appeals. In our view, however, *Rochelle* is distinguishable. There, nothing prevented the State from arguing in its brief on original submission that the merits of the defendant's argument had not been preserved for appeal, under the terms of Article 1.14(b). That the State did not argue forfeiture at that juncture could fairly be considered by the court of appeals as a forfeiture in itself. For all the court of appeals could tell on original submission, whether Rochelle had procedurally defaulted any objection to the indictment was not an "issue raised and necessary to final disposition of the appeal." Tex.R.App. Pro., Rule 90(a).

■ The instant cause is different. Here, although appellee might have anticipated the court of appeals' ultimate disposition of this cause, at the time he submitted his brief on original submission in the court of appeals there was no justiciable jeopardy claim to assert. In fact, no jeopardy claim would have arisen at all but for two events occurring in the court of appeals. First, the court of appeals overruled appellee's points of error, and affirmed his conviction. Then the court of appeals sustained the State's contention, and remanded the cause for a new punishment hearing. Because as of the time of filing the briefs on original submission, neither of these events had occurred, it would have been premature, to say the least, for appellee to interpose a claim of double jeopardy at that time.[1] In *Rochelle* itself we recognized that "constitutional restraints such as due process ... may ... compel the consideration of a new matter raised for the first time on motion for rehearing[.]" 791 S.W.2d at 124–125. Here, motion for rehearing was appellee's earliest opportunity to raise the jeopardy implications of the court of appeals' actual disposition of the State's appeal.

The State astutely directs us, however, to the plurality opinion in *Farrell.* The State

---

1. Appellee raised two points of error in his own appeal. First he argued that the evidence was insufficient to support the guilty verdict. Had the court of appeals sustained this point, presumably jeopardy would have terminated in an acquittal, and the State's appeal would have been rendered moot. In appellee's second point of error he challenged the authority of the trial court to enter an affirmative finding of a deadly weapon, pursuant to Article 42.12, § 3g(a)(2), V.A.C.C.P. Had appellee prevailed in this contention, presumably the court of appeals would have reformed the judgment by deleting the deadly weapon finding, and affirmed the judgment as so reformed. Tex.R.App.Pro., Rule 80(b). In this event jeopardy would have terminated in a final conviction. There being no "continuing jeopardy," appellee would have had no reason to expect that the cause would be returned to the trial court for re-sentencing, notwithstanding the State's appeal—at least not in view of this Court's opinion in *Armstrong.* In any case, the court of appeals had to sustain the State's appeal before the specter of a remand for a new punishment hearing could possibly arise, and that was not a foregone conclusion.

contends, and accurately so, that appellee's posture here is analogous to that of the State in that case. In *Farrell* the court of appeals held the evidence was insufficient to support the jury verdict, and entered a judgment of acquittal. Bypassing the option of motion for rehearing, the State filed a petition for discretionary review, arguing for the first time that the court of appeals erred in failing to reform the judgment to reflect conviction for a lesser included offense for which the evidence had been sufficient. A plurality of the Court held that we need not reach the merits of the State's argument because it had not been timely presented before the court of appeals.[2] The State now argues, in essence, that what is sauce for the goose is sauce for the gander.

In our view, however, *Farrell* is an anomaly. Precisely one week after *Farrell* was handed down, this Court issued its opinion in *Bigley v. State*, 865 S.W.2d 26 (Tex.Cr.App. 1993). In *Bigley* the court of appeals had also found the evidence to be insufficient to support the jury's verdict, but instead of ordering a judgment of acquittal, the court of appeals did what the State would have had the court of appeals in *Farrell* do, *viz:* reform the judgment of the trial court to reflect conviction for a lesser included offense that was supported by the evidence. Without pausing to inquire whether Bigley had challenged the court of appeals' disposition *in* the court of appeals, by way of a motion for rehearing or otherwise, this Court proceeded directly to the merits of his claim. We ultimately rejected Bigley's claim, but that is immaterial to the question before us here. The point is that we did not reject the

petition outright when it raised a viable issue as to the propriety of the lower court's ultimate disposition of the appeal, simply because that issue was not first raised *in* the court of appeals. The plurality opinion in *Farrell* notwithstanding, we will not do so in the present case either.

■■■ We hold that when complaint is made about the propriety, not of the court of appeals "decision" on the merits of a point of error, but instead of the court of appeals' ultimate disposition of the case in view of its "decision" on the merits, that complaint is timely made in a motion for rehearing, or even, for that matter, in a petition for discretionary review. If an issue or argument is timely asserted in the court of appeals, but goes unaddressed there even though resolution of that issue is necessary to disposition of the appeal, this Court will typically grant a petition for discretionary review and remand the cause for the court of appeals to address it in the first instance. *Lee v. State*, supra; *Williams v. State*, 790 S.W.2d 643 (Tex.Cr. App.1990). In like vein we now hold that the proper disposition of a petition for discretionary review that correctly asserts that the lower court has failed to consider a complaint as to the propriety of its ultimate disposition is for this Court, in the exercise of its supervisory authority, to remand the cause to the court of appeals to reach a "decision" on that question in the first instance.

The court of appeals has yet to pass on appellee's contention that its judgment remanding his cause for a new punishment hearing violated double jeopardy as explicated by this Court in *Armstrong v. State*, supra.[3] Accordingly, we vacate the judg-

---

**2.** In a footnote the plurality observed that the State had not requested reformation of the court of appeals' judgment by way of a motion for rehearing in that court. *Farrell v. State*, supra, at 503, n. 3. We are not sure of the significance of this observation. Motion for rehearing is not a prerequisite to filing a petition for discretionary review. See Tex.R.App.Pro., Rule 200(d). If complaint about the court of appeals' ultimate disposition of a case comes timely in a motion for rehearing, it is hard to imagine, in view of this provision, why the same complaint in a petition for discretionary review comes too late.

**3.** The State insists that *Armstrong* does not prohibit remand to the trial court for a new punish-

ment hearing. The State contends that in *Armstrong* the trial court had actually declared the enhancement counts "not true," which was tantamount to an acquittal. Here, the State maintains, the trial court made no finding of "not true." Instead, the trial court "merely ruled that he would not apply the enhancement and habitual paragraphs in assessing punishment." State's brief, at 11. Alternatively, the State argues that appellee effectively waived any constitutional protections against double jeopardy. We express no opinion on the merits of these arguments, but leave them for the court of appeals to address in the first instance.

ment of the court of appeals and remand the cause to that court for consideration of that question in the first instance.

WHITE, J., concurs in the result.

McCORMICK, P.J., dissents.

OVERSTREET, J., not participating.

BAIRD, Judge, concurring on Appellee's Petition for Discretionary Review.

I write separately to address the majority's treatment of *Farrell v. State*, 864 S.W.2d 501 (Tex.Cr.App.1993), which is neither an anomaly nor undermined by *Bigley v. State*, 865 S.W.2d 26 (Tex.Cr.App.1993).

As stated in *Farrell*:

> In order to ensure that [the Court of Criminal Appeals] review[s] only decisions of the courts of appeals, we insist that the parties, in an orderly and timely fashion, provide the courts of appeals with the first opportunity to resolve the various issues associated with the appeal. This orderly and timely presentation is accomplished by requiring the parties to raise their points of error and the responses thereto in their original briefs to the courts of appeals.

*Id.* 864 S.W.2d at 503. This has been the law since at least *Tallant v. State*, 742 S.W.2d 292 (Tex.Cr.App.1987), and presumably since 1981 when the courts of appeals acquired criminal jurisdiction. This is also true when the parties desire a particular result, e.g., an acquittal, an entirely new trial, a new punishment hearing or the deletion of a deadly weapon finding. In *Farrell*, the State asked us to find that the Court of Appeals erred in *not* reforming the judgment to the lesser offense rather than an acquittal.

At the time of *Farrell* the courts of appeals, under Tex.R.App. P. 80(b), had the authority to either reform the judgment or render a judgment of acquittal. Consequently, we could not have held the Court of Appeals "erred" in entering a judgment that it was fully entitled to enter; Rule 80(b) is permissive and, therefore, does not mandate a particular judgment in such circumstances. In *Bigley*, the defendant argued that an acquittal was the *only* judgment the Court of Appeals could enter. We rejected that argument and held "Rule 80 empowers the courts of appeals to reform judgments" to reflect convictions for lesser offenses. Consequently, there is no conflict between *Farrell* and *Bigley*, and one should not be created by the majority. *Farrell* simply stands for the proposition that if the parties desire a particular result they should ask for it.[1] *Bigley* holds that the courts of appeals have the option of rendering judgments of acquittal or reforming the trial court's judgment to reflect a conviction for a lesser offense.

With these comments, I join only the judgment of the Court.

---

1. The majority takes a gratuitous swipe at n. 3 of *Farrell*. Majority op. at 510, n. 2. The majority misquotes the note and then expresses confusion at its meaning. Note 3, quoted correctly, states: "A reformation was not requested by the State in its *original brief* or in a motion for rehearing." (The italicized portion was omitted by the majority.) The footnote was included to make it clear that the State never asked the Court of Appeals to reform the judgment. Had that request been made, the Court of Appeals, either on original submission or on rehearing, could have reformed the judgment. In such an event, this Court would not have disturbed that decision. *Bigley, supra.*