**Joe Angelo SOTELO, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. 2–93–083–CR.**

Court of Appeals of Texas, Fort Worth.

Oct. 10, 1996.

Ward Casey, Fort Worth, for appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Danielle A. LeGault, Assistant Criminal District Attorneys, Fort Worth, for appellee.

Before CAYCE, C.J., DAY and LIVINGSTON, JJ.

## OPINION ON REMAND

LIVINGSTON, Justice.

The primary issue in this case, which has been remanded to us from the Court of Criminal Appeals, is whether the affirmance of a criminal defendant's conviction by a court of appeals precludes that court from addressing the merits of the State's cross-appeal brought under article 44.01(c) of the Texas Code of Criminal Procedure. We hold that it does. Accordingly, we affirm the conviction and will not rule on the merits of the State's claim.

Joe Angelo Sotelo, Jr. was indicted under two counts, one for attempted murder and the other for aggravated assault with a deadly weapon. The jury convicted him only of aggravated assault with a deadly weapon, a

third degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(2) (Vernon 1994). Because the first enhancement paragraph referred to the "primary offense," the trial court determined that the enhancements applied only to the attempted murder charge. Therefore, it assessed punishment at ten years' confinement, the maximum sentence available.

Sotelo appealed to this court claiming that there was no evidence that he threatened the victim and that the deadly weapon finding should not have been imposed because use of the deadly weapon was the only element that elevated the offense from a misdemeanor to a felony. The State also appealed the trial court's ruling that the enhancement paragraphs were unavailable. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(c) (Vernon Supp. 1996).

In an unpublished opinion, we overruled Sotelo's points of error but sustained the State's contention that the trial court improperly refused to consider the enhancement paragraphs in assessing punishment.

Sotelo filed a motion for rehearing, claiming for the first time that our remand for a new punishment hearing violated the double jeopardy provisions of the Fifth Amendment to the United States Constitution and article I, section 14 of the Texas Constitution. We overruled the motion for rehearing without opinion.

Sotelo then filed a petition for discretionary review in the Court of Criminal Appeals raising the same double jeopardy claim. *Sotelo v. State,* 913 S.W.2d 507, 508 (Tex. Crim.App.1995). The State contended that Sotelo had failed to preserve the merits of

his claim by raising it for the first time in his motion for rehearing. *Id.* at 508–09. The Court of Criminal Appeals agreed that Sotelo's claim was not properly before it and remanded the cause to us to consider Sotelo's claim that our remand to the trial court for a new punishment hearing violated double jeopardy[1] in view of its opinion in *Armstrong v. State,* 805 S.W.2d 791 (Tex.Crim.App. 1991).

Armstrong was convicted of burglary in a bench trial. He pleaded not true to the first enhancement paragraph and true to the second. The trial court found the first enhancement "not true" and excluded it.[2] Armstrong appealed his conviction and the State appealed the exclusion of the enhancement. The court of appeals affirmed the conviction, and dismissed the State's appeal. In doing so, the court of appeals decided that the trial court's finding that the enhancement paragraph was not true was an evidentiary determination on a question of fact that the State could not appeal. *Id.* at 793.

In *Armstrong,* the Court of Criminal Appeals disagreed with the court of appeals and held that the trial court's ruling was one of law from which the State could appeal. *Id.* It held, however, that because the court of appeals had affirmed Armstrong's conviction, it was precluded from addressing the merits of the State's appeal. *Id.* at 793–94. The Court of Criminal Appeals held that the State was not entitled to "relitigate the habitual offender allegation." *Id.* at 794. Therefore, any opinion on the merits of the State's case from the court of appeals would be merely advisory.[3]

---

1. In remanding Sotelo's double jeopardy claim to us for consideration, the court held that a complaint about the propriety of the court of appeals' ultimate disposition of a case in view of its "decision" on the merits is timely if raised for the first time in a motion for rehearing or even in a petition for discretionary review. *Sotelo,* 913 S.W.2d at 510. In so holding, the court distinguished such a complaint from a complaint on the court of appeals' "decision" on the merits of a case. *Id.* Additionally, the Court of Criminal Appeals held that when a petition for discretionary review is filed that correctly asserts that a lower court has failed to consider a complaint regarding its ultimate disposition of a case, the cause should be remanded to the court of ap-

peals to reach a decision on the issue in question. *Id.*

2. The State offered a "pen packet" in support of the enhancement. Armstrong objected on the ground that certain provisions of the Dallas County Magistrates Act had not been complied with. The trial court found that the Act had not been complied with and that "as a matter of law that the conviction could not be used for enhancement purposes." *Armstrong,* 805 S.W.2d at 792–93.

3. The courts of appeals and the Court of Criminal Appeals are without authority to issue advisory opinions. *See Armstrong,* 805 S.W.2d at 794;

The Court of Criminal Appeals's opinion in *Armstrong* is dispositive of the outcome of this case. Therefore, having reconsidered Sotelo's motion for rehearing, we hold that we are precluded from addressing the merits of the State's appeal.[4] We erred in doing so in our previous opinion.

The judgment of the trial court is affirmed.

---

*see also Ex parte Ruiz,* 750 S.W.2d 217, 218 (Tex.Crim.App.1988).

4. That is not to say that we do not find the State's brief persuasive. The State argues that *Armstrong* is distinguishable from this case because there the trial court made a factual finding that the enhancement at issue was "not true." In this case, however, the trial court simply refused to consider the merits of the enhancement paragraphs at all. Therefore, the State contends the holding in *Armstrong* should not control the outcome of this case. The State overlooks the Court of Criminal Appeals's determination that the trial court's exclusion of the enhancement paragraph in *Armstrong* was a ruling on a question of law. *See Armstrong,* 805 S.W.2d at 793. More importantly, the State overlooks the crux of the distinction between whether the State is seeking to appeal a trial court's ruling on a question of law versus one of fact. In view of *Armstrong,* that distinction is only dispositive of whether the State is entitled to bring an appeal in the first place, not whether the court of appeals is permitted to consider the merits of the State's appeal regardless of how it ultimately disposes of the appeal.