PD-1197-13
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/27/2015 12:20:22 PM
Accepted 2/27/2015 12:54:39 PM
ABEL ACOSTA
CLERK

No. PD-1197-13

| | | |
|---|---|---|
| TORY LEVON KIRK, | § | |
| | § | |
| *Appellant* | § | |
| | § | COURT OF CRIMINAL APPEALS |
| v. | § | |
| | § | OF TEXAS |
| STATE OF TEXAS, | § | |
| | § | |
| *Appellee* | § | |

---

## APPELLANT'S MOTION FOR REHEARING

---

### I. Summary

In this case, the Court reversed its well-established rule that a trial court may not "ungrant" new-trial order more than 75 days after it issues its original judgment. Appellant asks this Court to grant this motion for rehearing for three reasons. First, the relief granted by the Court was never requested by the State in the courts below, and this Court has never considered the merits of an argument that was not properly preserved. Second, the Court's opinion is contrary to the statutory scheme enacted by the Legislature, to which this Court (and the Supreme Court of Texas) have traditionally given strict adherence. Finally, the Court's opinion opens the door for new constitutional challenges, none of which were present before it issued its opinion in this case.

- 1 -

## II. Argument

**A.** **The Court's opinion turned on an argument that the State failed to preserve in the trial court or the court of appeals.**

This Court should not have considered the merits of the State's sole issue because it was never presented to the court of appeals. It is well-established that an argument is not preserved for this Court's review unless the court of appeals had the first opportunity to resolve the various issues associated with the appeal "in an orderly and timely fashion."[1] And because this Court only reviews "decisions" of the courts of appeals, it has traditionally declined to reach the merits of any party's contention if it had not been addressed by a lower appellate court.[2]

Here, it is undisputed that the State did not file a response brief in the court of appeals.[3] And even if the State *could* have preserved an issue for discretionary review by presenting it to the court of appeals for the first time in a motion for rehearing—and this Court's precedents hold that it cannot[4]—the State also failed to avail itself of this opportunity. Rule of Appellate Procedure 49.1 requires a motion for rehearing in the intermediate court of appeals to "clearly state the

---

[1] *See, e.g, Wilson v. State*, 311 S.W.3d 452, 457 (Tex. Crim. App. 2010) (citing *Farrell v. State,* 864 S.W.2d 501, 503 (Tex. Crim. App. 1993).

[2] *See, e.g. Roberts v. State*, 273 S.W.3d 322, 326 (Tex. Crim. App. 2008), *Sotelo v. State,* 913 S.W.2d 507, 509 (Tex. Crim. App. 1995); *Lee v. State,* 791 S.W.2d 141, 141 (Tex. Crim. App. 1990).

[3] Memo. Op., p. 3, *State v. Kirk*, No. 11-13-00130-CR (Tex. App.—Eastland July 11, 2013).

[4] *See, e.g.*, *Rochelle v. State,* 791 S.W.2d 121, 125 (Tex. Crim. App. 1990).

points relied on for the rehearing," and as noted above, the State never asked the court of appeals to adopt its argument that Rule 21.8(a) *must* be interpreted to permit a trial court to "ungrant" a new trial after the 75-day deadline that it specifically imposes. Accordingly, this Court should not have concluded that the court of appeals "erred" for failing to consider an issue that the State never presented. And because it is well-established that a defendant/appellant may not present an issue to this Court for the first time on appeal, this Court should not grant the State a procedural advantage that is unavailable to the defendants.

**B.     The State does not need a new common-law remedy to seek review of new-trial orders.**

As Judge Alcala noted in her concurring opinion, the Code of Criminal Procedure already provides the State with an avenue for seeking review of allegedly-erroneously-granted orders granting a new trial, namely an interlocutory appeal.[5] And under the Rules of Appellate Procedure, these appeals are automatically accelerated, with tighter briefing deadlines, and receive priority treatment from the intermediate courts of appeals.[6] Absent from both the opinion of the Court and the concurring opinion, however, is any explanation as to why a new remedy is necessary.

---

[5] Concurring Op., p. 1 (citing Tex. Code Crim. Proc. art. 44.01(a)(3)).

[6] Tex. R. App. P. 28.1(a); 38.6(a).

Appellant respectfully submits that the Court has essentially created a "second chance" for prosecutors who—as here—simply fail to abide by the well-established deadlines that govern appellate practice in Texas. As this Court recently, when the Legislature authorizes a remedy, "the movant must strictly adhere the terms of the statute in order to take advantage [of it]."[7] When *defendants* fail to honor statutory deadlines, this Court has correctly concluded that it cannot grant the relief requested.[8] The same rules should apply to the State.

Moreover, both this Court and the Supreme Court of Texas have been vocal critics of jurists who "legislate from the bench."[9] Here, the Legislature set forth the procedure by which the State can seek review of a motion for new trial, and the State did not follow it. And after the State missed that deadline, it failed to even file a response to Appellant's motion to dismiss the underlying appeal.  Only after the court below dismissed the appeal did the State request any relief or offer any explanation for its errors, which, as discussed above, is entirely different from the relief requested from this Court. If an appellant were to seek relief from this Court on such a record, there is simply no question that the petition would be summarily

---

[7] *State v. Holloway*, 360 S.W.3d 480, 485 (Tex. Crim. App. 2012), *abrogated on other grounds by Whitfield v. State*, 430 S.W.3d 405 (Tex. Crim. App. 2014).

[8] *See, e.g.*, *Drew v. State*, 743 S.W.2d 207 (Tex. Crim. App. 1987).

[9] *See, e.g.*, *Ex parte Roemer*, 215 S.W.3d 887, 898 (Tex. Crim. App. 2007); *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 782 (Tex. 1991).

dismissed. In sum, Appellant respectfully submits that prosecutors should be held to the same standards of accountability as defense attorneys, and a new opinion from this Court confirming the mandatory nature of the State's 20-day deadline to seek review of a new trial should ensure such a result.

## C. The Court's opinion opens the door for unnecessary Constitutional challenges.

In its opinion, the Court correctly noted the disparity between civil cases (where a trial courts can "ungrant" a new-trial order) and criminal cases (where, prior to this case, trial courts could not.)[10] There is a reason for that disparity, however, namely: the Eighth Amendment, which obviously does not apply in civil matters. Although this Court noted in a footnote that the procedural posture of this case does not require it "to address whether a defendant's double-jeopardy rights would affect a trial court's ability to rescind an order granting a new trial after the new trial has begun,"[11] this observation—as well as those in Judge Alcala's concurrence—simply beg the question, "Why burden our appellate courts with future constitutional challenges?"

Prior to this Court's opinion, the "new-trial phase" in a criminal proceeding was governed by a set timeframe: a trial court had 75 days to rule. If denied, the

---

[10] Op., pp. 4–5.

[11] Op., pp. 1–2 n. 1.

defendant had 15 days to file a notice of appeal;[12] if granted, the State had 20 days to file a notice of appeal.[13] Strict enforcement to these deadlines alleviated all any concerns about due-process or double-jeopardy violations.

This Court's opinion in this case has been law for less than a month. And already, this Court has needed to ask the parties in *Delarosa v. State* to file a supplemental brief to address issues presented by its newly announced rule.[14] There, as here, the trial court granted a defendant's motion for new trial and the State failed to timely appeal. The defendant asked the court of appeals to dismiss the appeal, and the court of appeals did so. The State filed a petition for discretionary review, but while that was pending, the State and the defendant then agreed to the terms of a plea bargain, and the trial court entered a new judgment. As a result of this case, however, the State now claims that trial court retains jurisdiction to "ungrant" the motion for new trial.

By contrast, as Judge Alcala noted in her concurring opinion, the Court's opinion presents a new avenue for review that "is subject to no precise time limit, nor is it subject to the limitations that necessarily flow from the appellate court's

---

[12] Tex. R. App. P. 26.2(a)(2).

[13] Tex. Code Crim. Proc. art. 44.01(a)(3).

[14] Order, *Delarosa v. State*, No. PD-1406-14 (Tex. Crim. App. Feb. 25, 2015).

exercise of jurisdiction over a case."[15] But the absence of any finality to a new-trial order creates unlimited possibilities for chicanery. For example, suppose a trial judge grants a motion for new trial in a highly-publicized case. Under the previous rule, the State could immediately challenge the merits of the new-trial order via interlocutory appeal, or it could re-try the case. Under the new rule, an unscrupulous prosecutor could intentionally stall the re-prosecution of the case until after the judge sits for re-election, with hope that a new judge will "ungrant" the motion and reinstate the conviction. Appellant respectfully submits that after the 20-day deadline expires, a defendant who is awarded a new trial should be entitled to that relief unless a superior court finds the decision to be legally meritless; the decision should not be subject to political pressure, nor should the pending threat of an "ungrant" be available as a bargaining chit in subsequent negotiations between the State and the accused.

In sum, absurd fact patterns like those discussed above—both real and imaginary—will almost certainly be presented, and trial courts, intermediate appellate courts, and this Court will be required to attempt to balance the Constitutional rights of the accused against the relative "convenience" of allowing trial courts to rescind their new-trial orders. Because the deadlines in the Code of

---

[15] Concurring Op., p. 4.

Criminal Procedure properly addressed that balance, this Court should grant this motion for rehearing.

### III. Conclusion and Prayer

This Court has granted the State a remedy that it never requested in the courts below, and created a new common-law rule that defies the Legislature's express command. And by creating—and acknowledging—an uncertainty in the law, it has opened the door to previously-nonexistent Constitutional challenges, thereby creating new, unnecessary burdens for those accused, the State, and the courts, all of which are already operating with limited resources. For all of these reasons, this Court should grant this motion for rehearing, vacate its prior opinion, dismiss the State's petition as improvidently granted, remand Appellant's case to the trial court, and grant him all other relief to which he is justly entitled.

Respectfully submitted,

s/ Matthew J. Kita
Matthew J. Kita
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (Telephone)
(214) 347-7221 (Facsimile)
matt@mattkita.com

Counsel for Appellant

## CERTIFICATE OF COMPLIANCE

This brief complies with Texas Rule of Appellate Procedure 9.4 because it contains 1,744 words (excluding the parts of the brief exempted by this rule).

Signed this 27th day of February, 2015.

s/ Matthew J. Kita
MATTHEW J. KITA

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this notice was served on the following counsel via e-filing in accordance with Texas Rule of Appellate Procedure 9.5 on February 27, 2015:

*Counsel for Appellant:*

Lori Ordiway
Dallas County District Attorney's Office
133 North Riverfront Boulevard
Dallas, Texas 75207

s/ Matthew J. Kita
MATTHEW J. KITA