WR-82,993-01
IN THE TEXAS COURT OF CRIMINAL APPEALS
Tr.Ct.No.04-08-13776-A-BCCR

EX PARTE JAMES ALLEN WHIDDON, Applicant

---

## APPLICANT'S MOTION FOR APPOINTMENT OF NEW APPEAL COUNSEL TO CONDUCT REHEARING AND/OR PDR OF DIRECT APPEAL AFFIRMANCE AFTER A GRANT OF OUT OF TIME APPEAL RELIEF BASED ON THE TRIAL COURT'S CONCLUSIONS APPLICANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO NOTIFY HIM OF HIS POST AFFIRMANCE PROCEDURAL RIGHTS TO REVIEW

---

This is an Article 11.07 proceeding seeking to reinstate the direct appeal timetable back to February 7,2007, the date the Waco Court of Appeals issued it's affirmance in this case, for the purpose of presenting a motion for rehearing there, and if necessary a petition for discretionary review in this Court. See, Application,6. Applicant argued in the trial court below that because of appointed appeal counsel Mr. Walker's ineffective assistance of counsel, a direct appeal miscarriage of justice occurred:

"[T]he court of appeals held Whiddon 'drove his truck toward the trooper' and 'Whiddon would have hit the trooper if the trooper had not moved out of the way; and that Whiddon veered away only after the trooper shot out one of Whiddon's tires.' Whiddon v. State,2007 Tex.App.LEXIS 916 at *3(Tex.App.-Waco 2007 no pet). ... 'Whiddon drove toward the trooper, and failed to hit the trooper only because the trooper moved and shot out Whiddon's tire.' id. at *4. A brief review of the trial court record reveals the record does not support these three conclusions ...
    In the Defense's exhibits, there is a drawing by the State's accident reconstruction team of the path of appellant's vehicle... which does not leave the roadway when passing the trooper who is standing off the side of the road. ... this alone is insufficient evidence of threatening a public servant by driving a vehicle directly at [the trooper]...
    Additionally, in the State's exhibits, there are several photographs of Whiddon's tire that was damaged by the trooper's shooting at it. The damage is mostly confined to only the aluminum wheel's center. ... these photographs show Whiddon's tire is NOT 'shot out'. Indeed, a brief review of trial transcripts reveals that after Whiddon passed the trooper the police pursuit of his vehicle continued for miles and miles into the next county at rates of speed up to 100 mph.
    Had appointed appeal counsel not forfieted Applicant Whiddon's procedural rights ..., [he] would have obviously pursued a motion for rehearing and/or petition for discretionary review, in order to correct the court of appeals' fatally flawed factual findings and legal analysis as ... a fundamental miscarriage of justice in the instant case [seeking] to get the Waco Court of Appeals February 7,2007 opinion vacated or withdrawn, and a new controlling opinion vindicating him on a proper legally insufficient evidence analysis."

MOTION DENIED
DATE: 5-8-15
BY: P.C.

See, Appl's Resp. of Jan.16th, 2015..., 2-3(Applicant's legal arguments).

Applicant further argues in this Court that the record shows his trial judge specifically held as fact that he did not believe Applicant drove towards the trooper named in the indictment, but was allowing the case to proceed because in his opinion Applicant's driving around a roadblock before passing the named trooper was sufficient to support the conviction, which would seem to be an unlawful conclusion.

Applicant requests this Court order the trial court to appoint a new appeal counsel to facilitate a meaningful presentation of these issues to the Waco Court of Appeals, on motion for rehearing and if necessary on petition for discretionary review to this Court, because under Tex.R.App.P.47.1,49.1 & 68 his appeal rights are not yet exhausted, for the "good cause [a]s entered on the record", Tex.Code Crim.Proc.Ann.art.26.04(j)(2)(Vern.Supp.2009), of being denied a meaningful appeal by ineffective assistance[n.1] of counsel for Applicant's above described allegations of factual error and legal sufficiency analysis error. The Court frequently grants habeas corpus relief to "restart" the appellate timetable where errors of counsel have deprived a petitioner of a meaningful appeal or a petition for discretionary review. In re Steptoe,132 S.W.3d 434(Tex.Crim.App.2004)[cited in Hanby's Texas Rules of Appellate Procedure,283(West 2001 ed.)]. New appeal counsel will be able to preserve Applicant's rights to a meaningful appeal, by ensuring a complete appellate record gets sent to the Waco Court of Appeals to facilitate it's review of the motion for rehearing's points, and that the issues raised by Applicant on the record herein get a constitutionally sufficient review adequate to protect Applicant's legal rights. See, e.g., Tex.R.App.P.49.1, et seq; Rodriguez v. State,129 S.W.3d 551,562-64(Tex.App.-Hous.[1st Dist]2004, on reh'g, pet ref'd)(on pro-se reh'g, finding legally insufficient evidence, after rejecting appointed counsel's many other meritless points of error, noticing ineffective assistance of counsel on appeal claim w/o analysis thereof). A new appointed appeal counsel can now ensure that Applicant's broadly identified issues of reversible error by legally insufficient evidence of Applicant driving directly towards the trooper who is not actually being objectively "threatened" under Penal Code §22.02(b)(2) as alleged in the indictment, gets presented for the first time in the Waco Court of Appeals. See e.g., Hanby's,204[interpreting Tex.R.App.P.49.1, as when the judgement of the court of appeals itself gives rise to a new issue, that issue may be raised for the first time in a motion for rehearing and must be considered by the court, citing Bunton v. Bentley,153 S.W.3d 50,53(Tex.2004) & Sotelo v. State,913 S.W.2d 507,508-10(Tex.Crim.App.1995)].

---

1. See Findings of Fact and Conclusions of Law,1-3(concluding Applicant "had a right to participate in the appellate process" and "had the right to file a PDR" and Applicant's appellate counsel failed to effectively preserve Applicant's right to file a PDR; trial court's findings and conclusions inadvertantly omit Applicant's argument that he would have pursued a motion for rehearing also).

While the deprival of post-affirmance proceedings rights do not require a showing of a favorable outcome, but only that the pro-se inmate would have availed himself of the proceeding had his appeal counsel's conduct not caused a forfieture, Ex parte Owens,206 S.W.3d 670,673-74(Tex.Crim.App.2006), Applicant Whiddon has stated facts which might entitle him to relief on the merits of his proposed legal insufficiency of the evidence arguments based on the Waco Court of Appeals misinterpretation of the facts in the record resulting in an incorrect legal sufficiency of the evidence conclusion affirming the conviction below. See Steptoe, 132 S.W.3d @ 440-42(dissenting opinion of Cochran,J., joined by Keasler,J, authorizing habeas relief overcoming doctrine of laches when faced with demonstration of a "fundamental miscarriage of justice"). Therefore, the Court should order a remand to the trial court for appointment of new appeal counsel and decision on indigency. Ex parte Jarrett,891 S.W.2d 935,940(Tex.Crim.App.1994)(remanding for fact findings on why appeal counsel failed to express his professional judgement as to the possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review, decision on indigency, appointment of counsel, and evidentiary hearing); Hanby's,203(Rule 48.4 Commentary citing Jarrett for propositiong that appeal counsel must advise of the rights to seek rehearing and review on PDR)

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Applicant Whiddon respectfully requests this Court reinstate the appellate timetable to February 7,2007 for the purpose of allowing a motion for rehearing and/or a petition for discretionary review to be filed, remand the case back to the 220th Judicial District Court of Bosque County, Texas, for the limited purpose of determining indigency and appointing new appellate counsel, and to temporarily stay and abate the appeal as reinstated until new appeal counsel has obtained for his review, and for the Waco Court of Appeals review, the necessary trial transcripts.

## CERTIFICATE OF SERVICE

I CERTIFY AND AFFIRM PLACING TRUE AND CORRECT COPIES OF THIS INSTRUMENT INTO THE PRISON MAILBOX ON MARCH 23,2015 ADDRESSED to: Abel Acosta, Clerk of Texas Court of Criminal Appeals, p.o. Box 12308, Capitol Station, Austin, Texas 78711-2308, Juanita Miller, District Clerk of Bosque County, p.o. box 674, Meridian, Texas 76665, B.J. Shepperd, District Attorney 220th Judicial District Court, State Bar No.18219500,P.O. Box 368, 111 South Main St. Meridian, Texas 76665, by First Class U.S. Mail.

_Paul James Koumjian_
Paul James Koumjian, #1039181,
> **Petitioner,** Hughes Unit, Rt.2,
Box 4400, Gatesville, Tx.76597

_James W Whiddon_
James Allen Whiddon,#1309254,
> **Applicant,** Hughes Unit, Rt.2,
Box 4400, Gatesville, Tx.76597

_Please continue to serve Petitioner with process. See Application, pg 17._

-3-