

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD-1061-19
---

### ORLANDO ORTIZ, Appellant

### v.

### THE STATE OF TEXAS

---
### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### LA SALLE COUNTY
---

---
### NO. PD-1362-18
---

### DEWEY DEWAYNE BARRETT, Appellant

### v.

### THE STATE OF TEXAS

---
### ON THE COURT'S OWN MOTION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### SMITH COUNTY
---

KEEL, J., delivered the opinion of the Court in which HERVEY, RICHARDSON,

**NEWELL, and MCCLURE, JJ., joined. YEARY, J., filed a concurring and dissenting opinion. KELLER, P.J., filed a dissenting opinion in which WALKER and SLAUGHTER, JJ., joined.**

# O P I N I O N

The appellants in these consolidated cases were charged with occlusion assault under Texas Penal Code Section 22.01(b)(2)(B).   At their respective trials, they each requested an instruction on bodily-injury assault as a lesser-included offense of occlusion. Their requests were denied, and they were convicted of occlusion assault.

On appeal their cases diverge:   The court of appeals in *Ortiz* held that the trial court erred in refusing to instruct the jury on bodily-injury assault, but *Barrett* held that there was no error in refusing the instruction.   *Ortiz v. State*, No. 04-18-00430-CR, 2019 WL 4280074, at *4 (Tex. App.—San Antonio Nov. 6, 2019) (mem. op. not designated for publication); *Barrett v. State*, No. 12-18-00023-CR, 2018 WL 4907822, at *3 (Tex. App.—Tyler Oct. 10, 2018) (mem. op. not designated for publication).   We granted review to decide whether the appellants were entitled to an instruction on bodily-injury assault as a lesser included of occlusion.   We also granted review in *Barrett* to consider whether *Irving v. State*, 176 S.W.3d 842 (Tex. Crim. App. 2005), should be overruled and whether multiple injuries from a single attack constitute separate prosecutable assaults.

We hold that bodily-injury assault is not a lesser-included offense of occlusion assault when the disputed element is the injury because the statutorily specified injury of impeding normal breathing or blood circulation is exclusive of other bodily injuries. Consequently, we reverse the judgment of the court of appeals in *Ortiz* and affirm the

judgment of the court of appeals in *Barrett*. We further hold that overruling *Irving* would make no difference in Barrett's case because *Irving* is inapplicable here. And because we can resolve *Barrett* without addressing whether multiple injuries inflicted in a single attack may be separately prosecuted, we do not reach that ground for review.

## I. Lesser-Included Offenses

Article 37.09 defines lesser-included offenses in four different ways. Tex. Code Crim. Proc. art. 37.09. The latter three definitions are not at issue in these cases. Article 37.09(2) defines a lesser-included offense as one which differs from the charged offense only in the respect that it requires a less serious injury or risk of injury. Tex. Code Crim. Proc. art. 37.09(2). It is inapplicable here because, even assuming that bodily injury assault requires a less serious injury or risk of injury than occlusion assault, it also differs from occlusion assault in that it does not require a particular relationship between the defendant and the complainant. *Compare* Tex. Penal Code § 22.01(a)(1) *with* § 22.01(b)(2)(B). Article 37.09(3), defining a lesser-included offense as one that differs from the charged offense by requiring a less culpable mental state, is inapplicable because bodily-injury assault requires the same culpable mental states as occlusion assault. Tex. Code Crim. Proc. art. 37.09(3). And Article 37.09(4), defining an attempt as a lesser-included offense, Tex. Code Crim. Proc. art. 37.09(4), was not implicated in either of these cases. That leaves us with Article 37.09(1): A defendant is entitled to an instruction on a lesser-included offense if it is "established by proof of the same or less than all the facts required to prove the offense charged[.]" Tex. Code Crim. Proc. art.

37.09(1).   We use a two-step test to determine if an instruction on a lesser-included offense should be given.   *Hall v. State*, 225 S.W.3d 524, 526 (Tex. Crim. App. 2007).

The first step "compare[s] the statutory elements of the alleged lesser offense and the statutory elements and any descriptive averments in the indictment."   *Ritcherson v. State*, 568 S.W.3d 667, 670–71 (Tex. Crim. App. 2018); *Hall*, 225 S.W.3d at 526.   The second step asks whether "there is some evidence in the record that would permit a jury to rationally find that, if the defendant is guilty, he is guilty only of the lesser-included offense."   *Bullock v. State*, 509 S.W.3d 921, 925 (Tex. Crim. App. 2016).

In these cases, the *Hall* test does not answer the Article 37.09(1) question of what facts are "required" to prove the offense charged.   But we answer that question in other contexts by identifying the allowable unit of prosecution.   *See, e.g.*, *Johnson v. State*, 364 S.W.3d 292, 295–97 (Tex. Crim. App. 2012) (applying unit analysis in a variance case and noting unit analysis in unanimity and double-jeopardy cases).   The State Prosecuting Attorney (SPA) urges us to adopt that analysis in the lesser-included offense context, too.

The application of the "allowable unit of prosecution" analysis to the lesser-included-offense context would be consistent with our jurisprudence in other areas, and it would answer the question that in these cases the *Hall* test does not, namely, what facts are "required" to prove the offense charged.   Consequently, we apply the "allowable unit of prosecution" analysis here and conclude that the allowable unit of prosecution for occlusion assault is impeding normal breathing or circulation of the blood.   An injury

other than impeding is established by different or additional facts than those required to establish impeding, so bodily injury assault that results in a non-impeding injury is not an included offense of occlusion assault.

## II.   Allowable Unit of Prosecution and Assault

The allowable-unit-of-prosecution analysis identifies the focus of an offense and classifies the offense as a result-of-, nature-of-, or circumstances-surrounding-conduct offense.   *Huffman v. State*, 267 S.W.3d 902, 907 (2008) (superseded by statute on other grounds).   An offense may have more than one focus, and if so, one may predominate or both may be equally important.   *Id.*   "Absent an express statement [by the statute] defining the allowable unit of prosecution, the gravamen of an offense best describes the allowable unit of prosecution."   *Loving v. State*, 401 S.W.3d 642, 647 (Tex. Crim. App. 2013).

Section 22.01 broadly defines bodily-injury assault as any injury caused in any way with a requisite culpable mental state.   Tex. Penal Code § 22.01(a)(1).   Bodily injury is broadly defined, too; it means "physical pain, illness, or any impairment of physical condition."   § 1.07(a)(8).   Bodily-injury assault is a misdemeanor "except" when it is a felony.   Tex. Penal Code § 22.01(a), (b).   As pertinent here, it is a felony if the person injured has a relationship to the defendant under certain sections of the Family Code, and "the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's

throat or neck or by blocking the person's nose or mouth."  Tex. Penal Code §

22.01(b)(2)(B).   This is "occlusion assault."

The statute defining occlusion assault expressly incorporates bodily-injury assault

into the definition, so the appellants argue that misdemeanor bodily-injury assault is

included in occlusion assault.   But what the statute gives, it also takes away:   bodily-

injury assault is a Class A misdemeanor "except" it is a third-degree felony if the

complainant has a relevant relationship to the defendant, and the defendant impedes the

victim's normal breathing or blood circulation.   Tex. Penal Code § 22.01(b)(2)(B).

Impeding normal breathing or blood circulation describes occlusion assault's required

injury.  *Price v. State*, 457 S.W.3d 437, 442–43 (Tex. Crim. App. 2015).   Because

statutory language describes the required injury as impeding, the State is bound to prove

impeding.  *See Johnson*, 364 S.W.3d at 298 (explaining that the failure to prove a

statutory definition of an offense would render the evidence legally insufficient to prove

that offense).

Impeding is "a form of bodily injury."  *Marshall v. State*, 479 S.W.3d 840, 844

(Tex. Crim. App. 2016).   But other injuries are not impeding.   Since the statute specifies

impeding, it excludes other injuries.   Impeding is exclusive of other injuries in the same

way that a square is exclusive of other rectangles:   A square is a rectangle, but other

rectangles are not squares; specifying "square" excludes non-square rectangles; and

specifying "impeding" excludes non-impeding injuries.

For example, if a defendant were charged with occlusion assault, and the evidence showed that he stomped on the complainant's foot and caused pain, that assault would not be included in the charged offense because a non-impeding injury is not required to prove occlusion assault. The non-impeding injury is a different injury than impeding. Even a non-impeding injury inflicted on the neck, throat, mouth, or nose would not be proven by the same or less than the facts needed to prove occlusion assault. If pinching the neck caused pain but did not impede normal breathing or blood circulation, the assault would not be included because the assault by pinching would require an additional fact proving a different injury than impeding.

As the SPA points out, occlusion assault is distinct from other felony bodily-injury assaults because they do not specify a particular injury; their focus is causing any bodily injury. For example, aggravated assault is a bodily-injury assault plus aggravating elements of serious bodily injury or use of a deadly weapon. Tex. Penal Code § 22.02(a). Without the aggravating elements, there is still a bodily-injury assault. Similarly, assault on a public servant requires proof of a bodily-injury assault plus the additional elements of a public servant in the lawful discharge of an official duty. *Hall*, 158 S.W.3d at 473; Tex. Penal Code § 22.01(b)(1). Without the additional elements, there is still a bodily-injury assault. Repeat domestic violence is the same—an assault plus a relationship and a prior conviction. Tex. Penal Code 22.01(b)(2)(A). Without the relationship or prior conviction, there is still an assault.

But occlusion assault without impeding would lack a gravamen. Its statutorily specified injury is unavoidable. The failure to prove it would be like failing to prove bodily injury in other felony bodily injury assaults: there would be no offense. If impeding is not proven, then the evidence is legally insufficient to prove occlusion assault, and proving a different injury proves a different assault but not an included one because the statute requires impeding.

But Barrett and Ortiz argue that *Price* dictates that non-occlusion assault is a lesser included of occlusion assault. We disagree.

Price was convicted of occlusion assault. *Price*, 457 S.W.3d at 439. He claimed jury-charge error for failure to tie the culpable mental state to both the result and the nature of the conduct alleged. *Id.* We granted review to decide whether occlusion assault is both result oriented and conduct oriented. *Id.*

Price argued that, besides bodily injury, "choking or strangling a victim is also a gravamen of the offense because he could not be charged with the indicted offense without it." *Id.* at 442. In addressing that argument, the Court explained that occlusion assault consists of three parts: (1) intentionally, knowingly, or recklessly causing bodily injury; (2) a relevant relationship between the complainant and the defendant; and (3) commission of the assault by "intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." *Id.* at 442. *Price* said, "The first part is result oriented; there must be an injury." *Id.* The second part is a

circumstance: a certain relationship defined by statute. *Id.* As for the third part, *Price* said that although it set out a second set of requisite mental states, it "is not the gravamen of the offense[.]" *Id.*

But the opinion also pointed out that the "second set of mental states" modifies "'impeding the normal breathing or circulation of the blood of the person,' which describes the required injury: normal breathing or circulation of the blood has been impeded." *Id.* at 442–43. Thus, according to *Price*, impeding is the required injury. And although *Price*, citing *Landrian v. State*, broadly defined the gravamen as "bodily injury," *id.* at 443, *Landrian* stated that what matters is the result specified by the statute. *Landrian v. State*, 268 S.W.3d 532, 537 (Tex. Crim. App. 2008).

Since impeding is the result specified by the statute, the gravamen of occlusion assault is not just any bodily injury but is exclusively impeding. In short, impeding is the focus of occlusion assault and defines its allowable unit of prosecution. *See Philmon v. State*, No. PD-0645-19, 2020 WL 6153429, at *5 (Tex. Crim. App. Oct. 21, 2020) ("family-violence assault by impeding breathing or circulation focuses on impeding the breathing or circulation of someone with whom the perpetrator is in a dating relationship.").

This does not foreclose all lesser-included-offense instructions for occlusion assault. For example, if the relationship is at issue, then an instruction on misdemeanor assault may be warranted. *See, e.g.*, *Rodriguez v. State*, 553 S.W.3d 733, 752 (Tex. App.—Amarillo 2018, no pet.) (defendant was not entitled to the instruction because no

evidence offered to show lack of a relevant relationship). Or if the evidence raises an attempted occlusion assault, an instruction on that lesser may be warranted. *See* Tex. Penal Code § 15.01(a); Tex. Code Crim. Proc. art. 37.09(4). But the evidence in these cases did not raise an issue about the relationship between the parties or the possibility of an attempted occlusion assault. Rather, Barrett and Ortiz sought instructions for the lesser offense of bodily-injury assault for non-impeding injuries. But non-impeding injuries are not included in occlusion assault because they are not proven by the same or less facts than required to prove occlusion assault; they are proven by different, additional facts. Consequently, neither Barrett nor Ortiz was entitled to the instruction sought.

## III. *Irving*

The *Barrett* court of appeals cited *Irving*, an aggravated assault case, for the proposition that "[a] trial court is not required to instruct a jury on a lesser included offense where the conduct establishing the lesser offense is not 'included' within the conduct charged." *Barrett*, No. 12-18-00023-CR, at *4 (citing *Irving*, 173 S.W.3d at 846). Barrett argues that *Irving* should be overruled.

In *Irving*, the defendant was accused of aggravated assault for causing serious bodily injury by striking the complainant with a bat or for causing bodily injury by striking the complainant with a bat that was a deadly weapon. 173 S.W.3d at 845 n.9. He sought a bodily-injury-assault instruction based on his testimony that he did not hit her with a bat but fell on her without causing her serious bodily injury. *Id.* at 843. We held that there was no error in denying the instruction because "the conduct constituting

the lesser-included offense for which Appellant requested an instruction is different from the conduct which was alleged in the charging instrument for Appellant's aggravated-assault charge." *Id.* at 845. We explained that the requested lesser was based on Irving having grabbed the victim and fallen on her, "and not hitting the victim with a baseball bat." *Id.* at 845-46.

In hindsight, *Irving*'s analysis is faulty because the manner and means of committing an aggravated assault is not the unit of prosecution. *Hernandez v. State*, 556 S.W.3d 308, 327 (Tex. Crim. App. 2017). And a variance between an alleged, non-statutory manner and means of committing an aggravated assault and the proven manner and means is not material. *Johnson*, 364 S.W.3d at 298. So, a difference between the non-statutory manner and means alleged in an aggravated assault indictment, on the one hand, and the manner and means of a proposed lesser, on the other, should not foreclose an instruction on a proposed lesser-included offense.

*Irving* also conflicts with our later opinion in *Hall*. Comparing the elements of assault—intentionally, knowingly, or recklessly causing bodily injury to another—with the elements of the aggravated assault as charged against Irving—intentionally, knowingly, or recklessly causing bodily injury or serious bodily injury to the complainant by striking her with a deadly weapon or a bat—shows that assault was included in the charged aggravated assault as a matter of law, and Irving's testimony showed that if he was guilty, he was only guilty of the lesser-included offense of assault. *See Bullock*, 509

S.W.3d at 925; *Hall*, 225 S.W.3d at 536.   Under the *Hall* test, assault was a lesser-included offense of the aggravated assault charge Irving faced.

But overruling *Irving* would not help Barrett because of the differences between occlusion assault and aggravated assault.   Occlusion assault has a statutorily specified injury, the injury is the focus of the offense, and proving a different bodily injury proves a different assault rather than an included one.   Aggravated assault, however, does not have a statutorily specified injury.   Tex. Penal Code § 22.02.   So, *Irving*'s treatment of assault as a possible lesser-included offense of aggravated assault is inapplicable to assault as a possible lesser-included offense of occlusion assault.   Since it would make no difference to the outcome of Barrett's case, we need not overrule *Irving*.

## IV.   SPA's Arguments Barred or Estopped?

Ortiz maintains that we should not entertain the SPA's arguments because the State did not advance them in the court of appeals.   But an appellee's failure to make an argument in the court of appeals does not prevent us from considering it.   *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007); *Rhodes v. State*, 240 S.W.3d 882, 886 n.9 (Tex. Crim. App. 2007).   Ortiz's reliance on *Rochelle v. State*, 791 S.W.2d 121 (Tex. Crim. App. 1990), and *Sotelo v. State*, 913 S.W.2d 507 (Tex. Crim. App. 1995), is misplaced because the grounds for review in those cases did not address the holdings by the courts of appeals   *See Rhodes*, 240 S.W.3d at 886 n.9 (distinguishing *Rochelle* and *Sotelo* for that reason).   In Ortiz's case, the State defended the trial court's ruling, and

the SPA's ground of review challenges the court of appeals' holding. Consequently, its arguments here are not barred for not having been raised in the court of appeals.

## V. Conclusion

Occlusion assault's focus on a narrowly defined injury forecloses an instruction on an assault that results in a different injury. We reverse the judgment of the court of appeals in *Ortiz* and remand for consideration of Ortiz's remaining issue. We affirm the judgment of the court of appeals in *Barrett*.

Delivered: March 10, 2021

Publish