

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOs. PD-0253-21, PD-0254-21, PD-0255-21

### THE STATE OF TEXAS

### v.

### KEVIN CASTANEDANIETO, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**KEEL, J., delivered the opinion of a unanimous Court.**

## O P I N I O N

Appellee was arrested for aggravated robbery in the early morning hours of August 10, 2017. He gave two confessions to two detectives in separate interviews over the next 48 hours. The State sought to introduce only the second confession, but the trial court granted Appellee's motion to suppress it. On appeal to this Court previously we held that the court of appeals erred in resolving the appeal on a coercion theory because the State did not have an opportunity to develop a complete factual record about whether

coercion occurred in the first interview. *State v. Castanedanieto*, 607 S.W.3d 315, 330 (Tex. Crim. App. 2020) (*Castanedanieto II*); *State v. Castanedanieto*, 631 S.W.3d 131, 137 (Tex. App.—Dallas 2019) (*Castanedanieto I*). We remanded to the court of appeals to address the theories of law presented to the trial court. But the court of appeals again decided the case using a coercion theory. *State v. Castanedanieto*, Nos. 05-18-00870-CR, 05-18-00871-CR, 05-18-00872, 2021 WL 972901, at *7 (Tex. App.—Dallas March 16, 2021) (mem. op., not designated for publication) (*Castanedanieto III*).

We granted review to consider whether the court of appeals defied the ordinarily applicable rules for examining a waiver of a defendant's rights by applying the "cat out of the bag" theory to a claim of unknowing waiver. The State asks us to clarify the applicability of the "cat out of the bag" doctrine while Appellee asks us to address the merits of his claims. We will remand to the court of appeals again to address the arguments Appellee made in the trial court, namely, whether Appellee understood his rights when he gave his second confession and whether his Sixth Amendment right to counsel was violated by the interrogation he underwent after invoking his right to counsel at his arraignment. *See Sotelo v. State*, 913 S.W.2d 507, 510 (Tex. Crim. App. 1995) ("[T]he proper disposition of a petition for discretionary review that correctly asserts that the lower court has failed to consider a complaint as to the propriety of its ultimate disposition is for this Court, in the exercise of its supervisory authority, to remand the cause to the court of appeals to reach a 'decision' on that question in the first instance.").

## I. *Castanedanieto II*

We previously held that neither Appellee's nor the State's theories presented at the suppression hearing provided the State an adequate opportunity to develop a complete factual record on the coercion theory. *Castanedanieto II*, 607 S.W.3d at 328–330. The theory depended on a finding of coercion at the first interview, which had no relevance to Appellee's Sixth Amendment claim because arraignment was the key factor for that claim, and the first interview occurred before arraignment. *Id.* at 327–28. So the Sixth Amendment claim did not put the State on notice to develop facts relevant to the coercion theory. *Id.*

We then decided that Appellee's argument that his lack of knowledge of his rights carried over to the second interview did not involve a "traditional 'taint' analysis." *Id.* at 328–29. It would have been different "if Appellee's claim had been that [the first detective] coerced his participation in the first interview." *Id.* at 329. In that case the State would have had an incentive to show that no coercion attended the first interview, and if it did, and any taint was attenuated by circumstances that intervened between the first and second interviews. *Id.*

We also rejected Appellee's contention that the State raised the coercion theory through the second detective's testimony that he did not threaten Appellee and his statements appeared to be voluntary. *Id.* at 329–30. Since these types of questions are commonly elicited by prosecutors at suppression hearings this was not enough to create defense theories of law applicable to the case. *Id.* at 330. The defense did not challenge the accuracy of that testimony, so the State had no reason to believe that the detective's

uncontroverted testimony of "no coercion" would implicate a coercion theory for suppression. *Id.*

We remanded the case to the court of appeals to address the theories of law that Appellee presented to the trial court. *Id.*

## II. *Castanedanieto III*

On remand the court of appeals determined that under the totality of the circumstances Appellee's waiver of his rights in the first interview was not made knowingly and intelligently. *Castanedanieto III*, 2021 WL 972901, at *6. Then it used a taint analysis to conclude that the trial court could have made a reasonable inference that the second interview involved an effort to undermine Appellee's rights, citing a case describing the two-step interrogation technique. *Id.* (citing *Carter v. State*, 309 S.W.3d 31, 41 (Tex. Crim. App. 2010). It stated that because the second detective reminded Appellee of his first interrogation and confession and suggested Appellee may have more to tell this time around, the trial court had "sufficient basis to conclude [Appellee's] second confession was motivated, at least in part, by so-called 'cat out of the bag' thinking." *Id.* at *7. The court of appeals concluded that nothing in the second interview video indisputably demonstrated that Appellee was not motivated in part by "cat out of the bag" thinking and affirmed the grant of suppression by the trial court. *Id.*

## III. Analysis

Two questions must be answered to determine whether a suspect has knowingly, intelligently, and voluntarily waived his *Miranda* rights: (1) was the relinquishment of

the rights voluntary "in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception[,]" and (2) was the waiver made with "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2010) (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)). Courts focus on conduct that informs the suspect's understanding and comprehension or lack thereof when analyzing whether a waiver was made with full awareness of the nature of the rights and the consequences of abandoning them. *See id.* at 27 (analyzing relevant facts in determining whether the waiver was made with full awareness). Evidence of intimidation, coercion, or psychological pressure properly fall within the voluntariness category to the extent that it shows whether the suspect understood his rights and the consequences of abandoning them. *See id.* at 26 (stating that there was no evidence of intimidation or coercion and no psychological pressure applied when the appellant responded to some questions with "no comment" when addressing whether the wavier was given voluntarily and addressing awareness separately).

A court may properly conclude that a suspect has waived his *Miranda* rights only if the "totality of the circumstances reveal both an uncoerced choice and the requisite level of comprehension[.]" *Moran*, 475 U.S. at 421 (internal quotations and citations omitted). But unless a defendant "presents evidence that raises a voluntariness question[,]" the prosecution is not put to its burden of controverting the involuntariness of a statement. *State v. Terrazas*, 4 S.W.3d 720, 725 (Tex. Crim. App. 1999).

Appellee argued in the trial court that he did not understand the *Miranda* and Article 38.22 warnings and that his lack of understanding carried over to the second interview. The trial court implicitly found that he did not understand the warnings relative to the second statement. The question for the court of appeals was whether that finding was supported by the record. *See State v. Lujan*, 634 S.W.3d 862, 866 (Tex. Crim. App. 2021) (noting that trial court's finding that Lujan was misled to believe that her statement would not be used against her would be upheld if supported by the evidence).

The court of appeals cited circumstances relevant to the issue of Appellee's knowing waiver of his rights, like his education and background and his responses to the warnings he was given. *See Fare v. Michael C.*, 442 U.S. 707, 725 (1979) (holding that "juvenile's age, experience, education, background, and intelligence" and his "capacity to understand the warnings" were relevant considerations in determining whether he knowingly waived them). But it did not apply those circumstances to decide whether they supported the trial court's implicit finding that Appellee did not knowingly waive his rights. It applied them instead to issues that were not raised in the trial court, namely, cat-out-of-the-bag and two-step-interrogation technique. *Castanedanieto III*, 2021 WL 972901, at *6–7.

## IV. Conclusion

The court of appeals erred when it failed to address whether Appellee understood his *Miranda* and Article 38.22 rights. We reverse its judgment and remand the case to it

for further proceedings consistent with this opinion.

Delivered: April 20, 2022

Do Not Publish